■ DOUGLAS HAVIARIS et al., Plaintiffs, v 25 BROADWAY CORP., Defendant. 25 BROADWAY REALTY COMPANY, Sued Herein as 25 BROADWAY CORP., Third-Party Plaintiff-Respondent, v CUSHFIELD MAINTENANCE CORP., Third-Party Defendant-Appellant, et al., Third-Party Defendants. 25 BROADWAY REALTY COMPANY, Sued Herein as 25 BROADWAY CORP., Fourth-Party Plaintiff, v WILLIAM C. WALKER & SONS, INC., Fourth-Party Defendant. — Order entered October 21, 1982 in Supreme Court, New York County (Scott, J.), denying third-party defendant Cushfield Maintenance Corp.'s motion to renew, unanimously reversed, on the law and the facts and in the exercise of discretion, the motion is granted, and upon renewal the motion to, in effect, set aside a default entered March 9, 1982 is granted, without costs. The delay here in serving the third-party notice of appearance and answer is not of the type which we can conclude constitutes "law office failure." (See, e.g., *Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900.) Rather, we find it to be the product of good-faith efforts between the parties to resolve a dispute over a clause in an insurance policy, one interpretation of which would have obviated the need for the third-party action. Indeed, the record shows that appellant obtained, perforce of these negotiations, several extensions of time in which to answer. Obviously, then, this was not a "neglected" action which was overburdening to

the court system (*Sortino v Fisher,* 20 AD2d 25, 27), nor was respondent at all prejudiced. Accordingly, we vacate the default so that the issues can be determined on their merits. Concur — Murphy, P. J., Sullivan, Carro, Milonas and Alexander, JJ.