■ JAMES A. SWAIN, Respondent, v VIRGINIA JANZEN, Appellant.—In an action to recover damages for conversion, the defendant appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated January 15, 1985, which denied her motion to vacate a default judgment entered January 18, 1984.

Order reversed, without costs or disbursements, motion granted, and judgment vacated. The defendant's time to answer is extended until 20 days after service upon her of a copy of the order to be made hereon, with notice of entry.

This action arose as a result of various transactions that occurred just prior to the death of Frieda Swain, the mother of the plaintiff James Swain and the defendant Virginia M. Janzen. Shortly before her death, Frieda executed a will effectively disinheriting James, and, in addition, she transferred funds held jointly by James and herself to accounts in Virginia's name. A contested probate proceeding ensued, and, just prior to trial thereof, on August 16, 1983, Virginia was served with a summons and complaint in this action to recover damages for conversion of the funds now held in bank accounts in Virginia's name. No answer in this conversion action was interposed, and the plaintiff moved for leave to enter a default judgment on or about November 22, 1983, without notice to the defendant or her counsel. An inquest was held on January 18, 1984.

By notice of motion dated March 23, 1984, prior to the entry of a default judgment, the defendant moved to vacate her default in answering. The gravamen of the defendant's motion was that counsel for the plaintiff had agreed to hold this

conversion action in abeyance pending a determination of the probate proceeding, which resulted in a decree of the Surrogate's Court, Suffolk County (Signorelli, S.), dated December 12, 1983, in favor of the plaintiff. An appeal from that decree is currently pending before this court. Special Term held a hearing on the defendant's motion to vacate her default, and proof was adduced that the attorneys had agreed at one time to hold this conversion action in abeyance pending the final determination of the probate proceeding. The defendant also set forth her claim to a meritorious defense.

After a hearing, Special Term denied the defendant's motion on the ground that a meritorious defense was not sufficiently set forth.

It is axiomatic that a default will not be vacated absent a showing that there exists a reasonable excuse for the default and that the party in default possesses a meritorious defense *(see, Shaw v Shaw,* 97 AD2d 403). Other facts that the court should consider include the nature of the underlying case, the potential prejudice to the other party and the willfulness and length of the delay *(see, Stolpiec v Wiener,* 100 AD2d 931).

It is not disputed that the defendant continued to vigorously pursue the probate proceeding while the default was taken against her in this conversion action. Counsel for the parties were in constant contact, but the plaintiff's attorney never mentioned that he would move for leave to enter a default judgment herein. Further, at one time there was an agreement to hold the conversion action in abeyance, and the defendant contends that this agreement remained in effect. Under these circumstances, the defendant has made out a "reasonable excuse" for her default in answering.

Furthermore, the defendant has set forth a potentially meritorious defense *(see, Saltzman v Knockout Chem. & Equip. Co.,* 108 AD2d 908; *see also, Wacikowski v Wacikowski,* 93 AD2d 885, *lv denied* 60 NY2d 553). Mangano, J. P., Gibbons, Niehoff and Spatt, JJ., concur.