■ LESLIE MYERS, Appellant, v GENERAL ELECTRIC COMPANY et al., Respondents. (And Two Other Actions.) DAVID HILFIKER, Appellant, v GENERAL ELECTRIC COMPANY, et al., Respondents. (And Two Other Actions.) PHILLIP STEVENS, Appellant, v GENERAL ELECTRIC COMPANY et al., Respondents. (And Two Other Actions.) HARRY BRUTCHER, Appellant, v GENERAL ELECTRIC COMPANY et al., Respondents. (And Two Other Actions.)—Motions by defendants GTE Products Corporation, Shieldalloy Corp., General Electric Company, Kennametal, Inc., Afrimet-Indussa, Inc., and Hafner to dismiss appeals denied. Memorandum: Plaintiffs' appeals are from the supplemental order dated November 19, 1986. Defendants GTE Products Corporation, Shieldalloy Corp., General Electric Company, Kennametal, Inc., Afrimet-Indussa, Inc., and Hafner were not parties to the application for the supplemental order, were not affected by the order, and will not be affected by the appeals. Hence, they are not parties to the appeals and their motions to dismiss the appeals as to them are unnecessary. Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.

■ REGIONAL GRAVEL PRODUCTS, INC., Respondent, v MARJORIE STANTON et al., Appellants.—Motion to dismiss appeal granted. Cross motion to consolidate appeals denied. Memorandum: No appeal lies from an order granted by default (CPLR 5511). Defendant moved to resettle the order appealed from to show that it was not granted by default, but that defendant had appeared by counsel. The motion to resettle was denied and defendant also appealed from the order denying the motion to resettle. If the motion to resettle is granted, defendant's appeal will lie from the resettled order, not from the original order *(see, Matter of Sunnydale Farms v Premium Dairy Co.,* 7 AD2d 737; *see also, Centino v Isbrandtsen Co.,* 13 AD2d 977, *revd on other grounds* 11 NY2d 690). Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.