■ ELLEN B. LEHRMAN, Appellant, v LAKE KATONAH CLUB, INC., Respondent. [744 NYS2d 338] —In an action, inter alia, for a judgment declaring that the plaintiff is the owner of certain real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered July 9, 2001, which granted the defendant's motion pursuant to CPLR 5015 (a) (1) to vacate a judgment of the same court dated May 2, 2001, entered upon its default in answering, and directed the plaintiff to accept the defendant's untimely answer.

Ordered that the order is affirmed, with costs.

It is well settled that on a motion to vacate a default pursuant to CPLR 5015 (a) (1), a movant must demonstrate a reasonable excuse for the default and a meritorious cause of action or defense (see *Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities,* 70 NY2d 831; *Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138; *Fiore v Galang,* 64 NY2d 999; *Barasch v Micucci,* 49 NY2d 594). The Supreme Court providently exercised its discretion in excusing the defendant's default in answering the complaint. The defendant presented proof that the parties had entered into settlement negotiations and that the plaintiff's attorney never mentioned that he would enter a default judgment (see *Swain v Janzen,* 121 AD2d 378; *Haviaris v 25 Broadway Corp.,* 93 AD2d 789). Moreover, the defendant's proof was sufficient to establish a meritorious defense (see *Concepcion v Talon Realty Corp.,* 258 AD2d 494; *Anamdi v Anugo,* 229 AD2d 408). Santucci, J.P., Smith, Krausman, H. Miller and Adams, JJ., concur.