■ NATALIA SCARLETT et al., Appellants, v JAMES P. Mc-CARTHY, Respondent. [768 NYS2d 342]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated February 11, 2003, which, inter alia, granted the defendant's motion to vacate a judgment entered upon his default in appearing and answering.

Ordered that the order is affirmed, with costs.

To vacate a default, the moving party must demonstrate a reasonable excuse for the default and the existence of a meritorious cause of action (*see Weekes v Karayianakis*, 304 AD2d 561 [2003]; *cf. Antoku v Grace Indus.*, 295 AD2d 294 [2002]; *Fuller v Tae Kwon*, 259 AD2d 662 [1999]). The determination of what constitutes a reasonable excuse is left to the sound discretion of the court (*see Holt Constr. Corp. v J & R Music World*, 294 AD2d 540 [2002]; *Matter of Gambardella v Ortov Light.*, 278 AD2d 494 [2000]). Further, public policy favors a determination of controversies on their merits (*see Eastern Resource Serv. v Mountbatten Sur. Co.*, 289 AD2d 283, 284 [2001]; *Darrell v Yurchuk*, 174 AD2d 557 [1991]).

Here, the Supreme Court providently exercised its discretion

in accepting the defendant's proffered excuse that his insurance carrier was actively engaged in settlement negotiations with the plaintiff's counsel, and that the plaintiff's counsel never mentioned that he would be moving for leave to enter a default judgment (*see Lehrman v Lake Katonah Club,* 295 AD2d 322 [2002]; *Swain v Janzen,* 121 AD2d 378, 379 [1986]). Additionally, the defendant established the existence of a meritorious defense based upon the circumstances of the accident, which indicate that the plaintiff could be found at least partially at fault in the happening of the accident. Altman, J.P., S. Miller, McGinity, Adams and Mastro, JJ., concur.