■ ORWELL BUILDING CORP., Respondent, v ALI BESSAHA et al., Appellants, et al., Respondents. (And a Third-Party Action.)
[773 NYS2d 126]—

In an action, inter alia, to recover for damage to property, the defendants Ali Bessaha and Hocine Bessaha appeal from so much of an order of the Supreme Court, Queens County (Dye, J.), dated April 22, 2003, as denied their motion to vacate that portion of an order of the same court dated June 26, 2002, awarding judgment against them upon their failure to appear at a scheduled conference, and as denied their separate motion for summary judgment dismissing the complaint and any cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, the motion to vacate that portion of the order dated June 26, 2002, awarding judgment against the appellants upon their failure to appear at a scheduled conference is granted, the motion for summary judgment is granted, the complaint and any cross claims insofar as asserted against the appellants are dismissed, and the action against the remaining defendants is severed.

A defendant seeking to vacate an order awarding a default must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (*see* CPLR 5015 [a] [1]; *Quis v Bolden,* 298 AD2d 375 [2002]; *Mena v Choon-Ket Kong,* 269 AD2d 575 [2000]). Although it is generally within the sound discretion of the court to determine what constitutes a reasonable excuse, reversal is warranted if that discretion is improvidently exercised (*see Levy Williams Constr. Corp. v United States Fire Ins. Co.,* 280 AD2d 650 [2001]). When exercising its discretion in this regard, a court should consider such relevant factors as the extent of the delay, prejudice or lack of prejudice to the opposing party (*see Albin v First Nationwide Network Mtge. Co.,* 188 AD2d 575 [1992]), and lack of willfulness (*Workman v Amato,* 231 AD2d 627 [1996]), as well as the strong public policy in favor of resolving cases on the merits (*id.*)

The Supreme Court improvidently exercised its discretion in denying the motion of the defendants Ali Bessaha and Hocine Bessaha (hereinafter the defendants) to vacate that portion of an order dated June 26, 2002, awarding judgment against them upon their failure to appear at a scheduled conference. The

defendants' actions in this case were not willful. There was no allegation that they engaged in a pattern of neglect and default over the 10-year course of this litigation. Their default, rather, resulted from their failure to appear at a single court conference for which their excuse was reasonable and the delay that resulted caused no prejudice.

Moreover, the defendants demonstrated a meritorious defense, and their prima facie entitlement to judgment as a matter of law (*see Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065 [1979]), since it is clear from the record that the wall that collapsed was not on their property and they established that they neither created the dangerous condition nor had notice of a defect on their property (*see Patrick v Bally's Total Fitness,* 292 AD2d 433 [2002]). In opposition, the plaintiff offered only speculation as to how the defendants might have contributed to the wall's collapse (*see Rivera v Cicero,* 294 AD2d 554 [2002]).

The parties' remaining contentions are without merit.

Accordingly, the defendants' motions should have been granted. Krausman, J.P., Schmidt, Mastro and Rivera, JJ., concur.