■ RAY REALTY FULTON, INC., et al., Appellants, v KWANG HEE LEE, Respondent. [776 NYS2d 864]—

In an action, inter alia, to recover damages for unjust enrichment, the plaintiffs appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated July 8, 2003, which granted the defendant's motion to vacate a judgment of the same court dated December 10, 2001, entered upon his defaults in complying with a self-executing conditional order of preclusion dated January 29, 2001, and appearing at an inquest, to vacate the conditional order of preclusion, and for leave to serve an amended answer.

Ordered that the order is affirmed, with costs.

CPLR 5015 (a) (1) permits a court to vacate a default where the moving party demonstrates both a reasonable excuse for the default and the existence of a meritorious cause of action or defense (*see Orwell Bldg. Corp. v Bessaha,* 5 AD3d 573 [2004]; *Scarlett v McCarthy,* 2 AD3d 623 [2003]; *Westchester Med. Ctr. v Clarendon Ins. Co.,* 304 AD2d 753 [2003]). The determination of what constitutes a reasonable excuse is left to the sound discretion of the court (*see Scarlett v McCarthy, supra; Westchester Med. Ctr. v Clarendon Ins. Co., supra; Holt Constr. Corp. v J&R Music World,* 294 AD2d 540 [2002]). Further, public policy favors a determination of controversies on their merits (*see Scarlett v McCarthy, supra; Eastern Resource Serv. v Mountbatten Sur. Co.,* 289 AD2d 283, 284 [2001]). Contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in accepting the defendant's excuses for his failure to comply with the self-executing conditional order of preclusion and appear at the inquest (*see Scarlett v McCarthy, supra; Vita v Alstom Signaling,* 308 AD2d 582 [2003]; *Crystal Run Sand & Gravel v Milnor Constr. Corp.,* 301 AD2d 491

[2003]; *see also Gorokhova v Belulovich,* 267 AD2d 202 [1999]). Furthermore, the defendant sufficiently demonstrated the existence of a meritorious defense to the action. We also note that although the motion to vacate the conditional order of preclusion was made more than one year after it became absolute, the Supreme Court has inherent discretionary power to vacate a default which is not subject to the one-year limitations period set forth in CPLR 5015 (*see Hunter v Enquirer/Star, Inc.,* 210 AD2d 32 [1994]; *F & C Gen. Contrs. Corp. v Atlantic Mut. Mtge. Corp.,* 202 AD2d 629 [1994]; *Luna Baking Co. v Myerwold,* 69 AD2d 832 [1979]).

The plaintiffs' remaining contentions are without merit. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.