■ THERESA TRAVIS, Respondent, v GREGORY MASON et al., Appellants. [792 NYS2d 339]—In an action to recover damages for malicious prosecution, the defendants appeal (1) from a judg-

ment of the Supreme Court, Westchester County (Colabella, J.), dated January 9, 2004, which, upon a decision of the same court entered November 5, 2003, made after an inquest on damages, is in favor of the plaintiff and against them in the principal sums of $100,000 as compensatory damages and $400,000 as punitive damages, and (2), as limited by their brief, from so much of an order of the same court entered September 13, 2004, as denied that branch of their motion which was to vacate a prior order of the same court entered March 4, 2003, striking their answer pursuant to 22 NYCRR 202.27 upon their failure to appear at a conference.

Ordered that the appeal from so much of the judgment as was entered upon the defendants' default is dismissed, as no appeal lies from that portion of the judgment (*see* CPLR 5511; *Katz v Katz,* 68 AD2d 536 [1979]) and, in any event, the appeal from the judgment is academic in light of our determination on the appeal from the order entered September 13, 2004; and it is further,

Ordered that the order entered September 13, 2004, is reversed insofar as appealed from, on the law, that branch of the defendants' motion which was to vacate the order entered March 4, 2003, is granted, the judgment and the order entered March 4, 2003, are vacated, the answer is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith; and it is further,

Ordered that the defendants are awarded one bill of costs.

CPLR 5015 (a) (1) permits a court to vacate a default where the moving party demonstrates both a reasonable excuse for the default and the existence of a meritorious cause of action or defense (*see Orwell Bldg. Corp. v Bessaha,* 5 AD3d 573 [2004]; *Crystal Run Sand & Gravel v Milnor Constr. Corp.,* 301 AD2d 491 [2003]). Although it is generally within the sound discretion of the court to determine what constitutes a reasonable excuse, reversal is warranted if that discretion is improvidently exercised (*see Orwell Bldg. Corp. v Bessaha, supra*). In this case, the Supreme Court improvidently exercised its discretion in denying that branch of the defendants' motion which was to vacate the order entered March 4, 2003, since, under the facts of this case, they demonstrated both a reasonable excuse for the default and the existence of a meritorious defense.

The defendants' remaining contentions have been rendered academic in light of our determination. Florio, J.P., H. Miller, Cozier and S. Miller, JJ., concur.