■ FRIEDA PINCHAS, Respondent, v RAFAEL PINCHAS, Appellant. [799 NYS2d 60]—In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of the Supreme Court, Queens County (Gartenstein, J.H.O.), entered April 15, 2004, which, following an inquest on economic issues incident to the parties' divorce, inter alia, awarded the plaintiff the principal sum of $220,000 as and for her share of the marital home, and directed that the marital home be sold within six months after the parties' youngest child reaches the age of 18.

Ordered that the appeal is dismissed, without costs or disbursements.

The defendant, proceeding pro se, did not appear at a trial regarding the economic issues relating to the parties' divorce action. The Supreme Court found that the defendant's failure to appear was willful. Thereafter, the defendant wrote a letter to the court in which he attempted to explain his default. The court treated the defendant's letter as an application to vacate his default, and determined, inter alia, that the defendant deliberately failed to appear at the trial on economic issues. Nevertheless, the court vacated the defendant's default on the condition that he pay the sum of $7,500 to the plaintiff. The defendant then wrote another letter to the court in which he asked for reconsideration. The court deemed the letter seeking reconsideration a motion for leave to reargue or renew. The court granted reargument, but adhered to its earlier determination conditionally vacating the defendant's default. The defendant never satisfied the condition that he pay the plaintiff the sum of $7,500, and the matter proceeded to an inquest on economic issues incident to the divorce action. The defendant was present, but was not allowed to participate, given his failure to satisfy the condition for vacatur of his default. The defendant now appeals from stated portions of the judgment entered following the inquest.

On appeal, the defendant does not challenge the condition the Supreme Court imposed upon him to vacate his default. We cannot consider those contentions the defendant does raise on appeal, as the portions of the judgment from which the defendant

appeals were entered upon his default (*see* CPLR 5511; *Travis v Mason*, 17 AD3d 449 [2005]). The defendant's remedy is to move in the Supreme Court to vacate the relevant portions of the judgment of which he complains and, if he does not prevail, to appeal from the ensuing order denying his motion. H. Miller, J.P., Rivera, Spolzino and Skelos, JJ., concur.