■ YONKERS RIB HOUSE, INC., et al., Appellants, v 1789 CENTRAL PARK CORP. et al., Respondents. [799 NYS2d 62]—

In an action, inter alia, to recover damages for breach of a

promissory note, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered April 5, 2004, which granted the defendants' motion to compel acceptance of their verified answer, and denied their cross motion, among other things, for leave to enter a default judgment pursuant to CPLR 3215 (i) (1) upon the defendants' failure to comply with a stipulation of settlement or, in the alternative, for summary judgment.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' cross motion which was for leave to enter a default judgment pursuant to CPLR 3215 (i) (1) and in granting the defendants' motion to compel the plaintiffs to accept their verified answer, thereby excusing the defendants' delay in serving it (*see* CPLR 2004, 3012 [d]). In light of the lack of prejudice to the plaintiffs from the delay, the existence of potentially meritorious defenses, and public policy which favors resolving cases on the merits, we agree with the Supreme Court that, as a matter of discretion, the defendants' delay in answering was properly excused (*see Trimble v SAS Taxi Co. Inc.*, 8 AD3d 557 [2004]; *Goodman v New York City Health & Hosps. Corp.*, 2 AD3d 581 [2003]; *Drake v Drake*, 296 AD2d 566 [2002]; *Beresford v Waheed*, 288 AD2d 170 [2001]; *Sippin v Gallardo*, 287 AD2d 703 [2001]; *Gurreri v Village of Briarcliff Manor*, 249 AD2d 508 [1998]; *Van Man Adhesives Corp. v City of New York*, 236 AD2d 465 [1997]; *Miles v Blue Label Trucking*, 232 AD2d 382 [1996]).

Further, the Supreme Court properly denied that branch of the plaintiffs' cross motion which was for summary judgment. The plaintiffs made a prima facie showing of entitlement to summary judgment on the ground that the defendants breached the terms of the promissory note and the stipulation of forbearance, as amended. In opposition, the defendants raised triable issues of fact that the interest rate was usurious (*cf. Giventer v Arnow*, 37 NY2d 305 [1975]; *Fareri v Rain's Intl., Ltd.*, 187 AD2d 481 [1992]), and was an unenforceable penalty (*see Zervakis v Kyreakedes*, 257 AD2d 619 [1999]; *Irving Tire Co. v Stage II Apparel Corp.*, 230 AD2d 772 [1996]), and that payment had been tendered (*see Home Sav. of Am., FSB v Isaacson*, 240 AD2d 633 [1997]). Adams, J.P., Santucci, Goldstein and Lifson, JJ., concur.