■ AMIEL WOHL, Respondent, v RITA M. WOHL, Appellant. [809 NYS2d 162]—

In a matrimonial action in which the parties were divorced by judgment dated February 3, 1981, the defendant appeals from an order of the Supreme Court, Westchester County (Spolzino, J.), dated March 8, 2004, which granted the plaintiff's motion to vacate a qualified domestic relations order of the same court entered December 9, 2003, awarding a share of the plaintiff's pension to the defendant.

Ordered that the appeal is dismissed, without costs or disbursements.

"It is appropriate for an appellate court to inquire into the appealability of the order under review, even where the respondent on the appeal has not specifically requested that the appeal be dismissed" (*Glickman v Sami*, 146 AD2d 671 [1989]; *see Leeds v Leeds*, 60 NY2d 641 [1983]; *Matter of Linda K.*, 151 AD2d 574 [1989]). Here, the plaintiff has not raised the issue, but because the order on appeal was entered on the defendant's default, no appeal lies (*see* CPLR 5511; *Matter of Baptiste v Emmanuel*, 21 AD3d 503 [2005]; *Matter of Porscha Monique J.*, 21 AD3d 415 [2005]; *Travis v Mason*, 17 AD3d 449, 450 [2005]; *Matter of Iris R.*, 295 AD2d 521 [2002]; *Matter of Palazzo v Manassier*, 286 AD2d 460, 461 [2001]; *Matter of Lieberman v City of N.Y., Dept. of Hous. Preserv. & Dev.*, 120 AD2d 730 [1986]).

The plaintiff moved to vacate a qualified domestic relations order. The order to show cause bringing on the motion required the defendant to serve opposition papers no later than January 14, 2004. This date was extended, on consent of the plaintiff, until January 23, 2004. The affirmation in opposition submitted by the defendant's attorney was dated February 2, 2004, more

than one week beyond the deadline for its service, and was not received by the defendant until February 3, 2004, three days before the adjourned return date. Accordingly, it was untimely, and the plaintiff asked the Supreme Court to decline to consider it. The order deciding the motion reflects that the court did just that. The order states that the court considered the affirmation in support of the motion that accompanied the order to show cause but does not state that the court considered any other papers. Moreover, the order indicates that the defendant was not present at oral argument on February 6, 2004.

In these circumstances, the defendant defaulted. Her remedy lies not in appealing the order entered on her default, but in moving to vacate the order (*see Pinchas v Pinchas*, 19 AD3d 673 [2005]) or resettle it (*see Regional Gravel Prods. v Stanton*, 132 AD2d 1008 [1987]). Adams, J.P., Crane, Goldstein and Skelos, JJ., concur.