■ ROBERT SIMPSON et al., Respondents, v TOWN OF SOUTHAMPTON et al., Appellants. [841 NYS2d 454]—In an action, inter alia, for a judgment declaring that the defendants are bound by a certain restrictive covenant, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated August 7, 2006, as denied those branches of their motion which were to vacate an order of the same court dated June 20, 2005, granting, without opposition, the plaintiffs' motion, inter alia, for summary judgment on the first two causes of action on the issue of liability, and upon vacatur, to deny the plaintiffs' motion and grant their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In seeking to vacate their default in opposing the plaintiffs' motion, the defendants were required to demonstrate a reasonable excuse and a meritorious defense to the action (*see* CPLR

5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]; *Canty v Gregory,* 37 AD3d 508 [2007]; *Hageman v Home Depot U.S.A., Inc.,* 25 AD3d 760, 761 [2006]). The defendants' conclusory excuse of law office failure did not constitute a reasonable excuse for their failure to oppose the motion (*see Matter of ELRAC, Inc. v Holder,* 31 AD3d 636 [2006]; *Grezinsky v Mount Hebron Cemetery,* 305 AD2d 542 [2003]). The defendants also failed to demonstrate any causal connection between the Town Attorney's illness and the default (*see Dowling Textile Mfg. Co. v Land,* 179 AD2d 621 [1992]). Accordingly, the branch of the defendants' motion which was to vacate their default was properly denied.

In light of our determination, we need not reach the defendants' remaining contention. Spolzino, J.P., Krausman, Angiolillo and McCarthy, JJ., concur.