■ JOSEPH SAVINO et al., Respondents-Appellants, v "ABC CORPORATION", a Fictitious Name Intended to Identify the Corporation Formerly Known as RICHMOND ADVERTISING COMPANY, Defendant, and S & E LANDHOLDING, INC., et al., Appellants-Respondents. [845 NYS2d 789]—In an action to recover damages for personal injuries, etc., the defendants S & E Landholding, Inc., Leonardo Giordano, and Giuseppe Emanuelle appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated May 2, 2006, as denied that branch of their motion which was to dismiss the complaint insofar as asserted against the defendant Leonardo Giordano on the ground that he was not a proper party, and the plaintiffs cross-appeal from so much of the same order as granted that branch of the motion of the defendants S & E Landholding, Inc., Leonardo Giordano, and Giuseppe Emanuelle which was to vacate a judgment of the same court dated May 24, 2005, entered upon their default in appearing for conferences or participating in discovery.

Ordered that the order is affirmed, without costs or disbursements.

CPLR 5015 (a) (1) permits a court to vacate a default where the moving party demonstrates both a reasonable excuse for the default and the existence of a meritorious defense (*see M.S. Hi-Tech, Inc. v Thompson*, 23 AD3d 442, 443 [2005]; *Orwell Bldg. Corp. v Bessaha*, 5 AD3d 573, 574 [2004]). The determination of what constitutes a reasonable excuse is left to the sound discretion of the court (*see Ray Realty Fulton, Inc. v Lee*, 7 AD3d 772 [2004]; *Orwell Bldg. Corp. v Bessaha*, 5 AD3d 573, 574 [2004]). Accordingly, in view of the reasonable excuse and the existence of a meritorious defense, the Supreme Court providently exercised its discretion in granting that branch of the motion of

the defendants S & E Landholding, Inc., Leonardo Giordano, and Giuseppe Emanuelle (hereinafter the appellants) which was to vacate the judgment dated May 24, 2005 (see *New York Univ. Hosp. Rusk Inst. v Illinois Natl. Ins. Co.*, 31 AD3d 511 [2006]).

Although the Supreme Court's order vacating the judgment did not contain a provision expressly vacating the prior order dated December 14, 2004, upon which the default judgment was based, we construe the order vacating the judgment as implicitly and necessarily vacating that prior order. Accordingly, the Supreme Court, in effect, granted that branch of the appellants' motion which was to vacate the order dated December 14, 2004.

The parties' remaining contentions are without merit. Crane, J.P., Florio, Angiolillo and Carni, JJ., concur.