■ SHEILA HODGES, Appellant, v KRISHENDATH SIDIAL et al., Respondents. [852 NYS2d 340]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated January 8, 2007, which, inter alia, granted that branch of the defendants' motion which was pursuant to CPLR 5015 to vacate a judgment of the same court entered against them upon their default in appearing at trial.

Ordered that the order is affirmed, with costs.

A defendant seeking to vacate a default in appearing or answering must demonstrate a reasonable excuse for the default

and a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]; *Segovia v Delcon Constr. Corp.,* 43 AD3d 1143, 1144 [2007]; *Simpson v Town of Southampton,* 43 AD3d 1033 [2007]). The determination as to what constitutes a reasonable excuse lies within the sound discretion of the trial court (*see Segovia v Delcon Constr. Corp.,* 43 AD3d 1143, 1144 [2007]; *Matter of Gambardella v Ortov Light.,* 278 AD2d 494, 495 [2000]).

Here, an adjourned trial date was set during the pendency of a stay of all proceedings in the action ordered by the Supreme Court after it granted a motion by the defendants' former counsel to be relieved from representing them. The defendants defaulted in appearing on the adjourned trial date and at a subsequent inquest on damages. The defendants denied having received notice of the adjourned trial date from either the court or the plaintiff. Further, there is no evidence in the record indicating that the defendants were sent any notice regarding the adjourned trial date (*see Bodden v Penn-Attransco Corp.,* 20 AD3d 334, 335 [2005]). In response to the plaintiff's service upon the defendants of her notice of intent to present a proposed default judgment for settlement (hereinafter the notice of intent), the defendants immediately made the instant motion. The defendants averred that they were unaware of what had transpired in the case after their last appearance until receiving the notice of intent. Notably, correspondence from the plaintiff to the defendants purportedly notifying them of the inquest for damages was not sent to the address used by the defendants' former counsel for service of his motion to be relieved, which address also was used by the plaintiff for service of the notice of intent.

Under the particular circumstances of this case, the defendants demonstrated a reasonable excuse for their default in appearing. The defendants also demonstrated the existence of a potentially meritorious defense (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 142 [1986]; *Carnazza v Shoprite of Staten Is.,* 12 AD3d 393, 394 [2004]; *Becker v University Physicians of Brooklyn,* 307 AD2d 243, 244 [2003]; *see generally Powell v Pasqualino,* 40 AD3d 725 [2007]). Thus, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was pursuant to CPLR 5015 to vacate the judgment entered against them upon their default in appearing at trial (*see Savino v "ABC Corp.",* 44 AD3d 1026 [2007]; *Ray Realty Fulton, Inc. v Lee,* 7 AD3d 772 [2004]).

The defendants' remaining contentions are not properly

before this Court. Mastro, J.P., Skelos, Florio and Dickerson, JJ., concur.