an action to recover on a promissory note brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated February 26, 2007, as granted those branches of the defendant John Aronis’s motion which were to vacate so much of a judgment of the same court entered September 15, 2004, as was in favor of the plaintiff and against him, upon his default in responding to the motion and to compel the plaintiff to accept his answer.
Ordered that the order is affirmed insofar as appealed from, with costs.
To prevail on his motion to vacate his default, the defendant John Aronis was required to demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (see CPLR 5015 [a] [1]; Savino v “ABC Corp.”, 44 AD3d 1026 [2007]; SS Constantine & Helen’s Romanian Orthodox Church of Am. v Z. Zindel, Inc., 44 AD3d 744 [2007]; White v Incorporated Vil. of Hempstead, 41 AD3d 709, 710 [2007]). The determination as to what constitutes a reasonable excuse lies within the sound discretion of the trial court, and will not be disturbed if the record supports such determination (see Hodges v Sidial, 48 AD3d 633, 634 [2008]; White v Incorporated Vil. of Hempstead, 41 AD3d at 710). In exercising this discretion the court may accept law office failure as a reasonable excuse (see CPLR 2005; Vasquez v New York City Hous. Auth., 51 AD3d 781 [2008] ). Here, the Supreme Court providently exercised its discretion in accepting Aronis’s explanation for his default. Furthermore, Aronis demonstrated the existence of a potentially meritorious defense (see Hodges v Sidial, 48 AD3d at 634).
We do not reach the plaintiffs remaining contention, as it is improperly raised for the first time on appeal (see Sarva v Chakravorty, 34 AD3d 438, 439 [2006]). Rivera, J.P., Dillon, Covello and Angiolillo, JJ., concur.