■ PERFORMANCE CONSTRUCTION CORP., Appellant, v HUNTINGTON BUILDING, LLC, et al., Defendants, and CORCORAN MARBLE & MONUMENT CO., INC., et al., Respondents. [888 NYS2d 892]—

738

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Corcoran Marble & Monument Co., Inc. (hereinafter Corcoran), and in granting Corcoran's cross motion for leave to serve a late answer (*see* CPLR 3012 [d]; 5015 [a] [1]). Considering the lack of any prejudice to the plaintiff as a result of the relatively short 11-day delay in Corcoran's service of an answer, the existence of a potentially meritorious defense, and the public policy favoring the resolution of cases on the merits, the Supreme Court providently excused Corcoran's de minimis delay in answering the complaint (*see Klughaupt v Hi-Tower Contrs., Inc.*, 64 AD3d 545, 546 [2009]; *Schonfeld v Blue & White Food Prods. Corp.*, 29 AD3d 673, 674 [2006]; *Yonkers Rib House, Inc. v 1789 Cent. Park Corp.*, 19 AD3d 687, 688 [2005]). Furthermore, the record reveals that Corcoran was actively engaged in settlement negotiations with the plaintiff's attorney, and that the plaintiff's attorney never mentioned that he would be moving for leave to enter a default judgment (*see Armstrong Trading, Ltd. v MBM Enters.*, 29 AD3d 835, 836 [2006]; *Scarlett v McCarthy*, 2 AD3d 623 [2003]; *Lehrman v Lake Katonah Club*, 295 AD2d 322 [2002]).

Moreover, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Tritec Building Co. (hereinafter Tritec). The record reveals that Tritec and the plaintiff entered

into a stipulation extending Tritec's time to answer "to and until March 3, 2008." Accordingly, Tritec's service of an answer was timely since the answer was served on March 3, 2008 (*see* CPLR 320 [a]). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.