■ 9 Brothers Building Supply Corp., Respondent, v Theresa Buonamicia, Defendant, and Diego Cuervo, Appellant. [965 NYS2d 380]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant Diego Cuervo appeals from an order of the Supreme Court, Suffolk County (Mayer, J.), dated May 6, 2011, which denied his motion to vacate a prior order of the same court dated April 27, 2009, granting the plaintiff's application, in effect, pursuant to 22 NYCRR 202.27 to strike his answer and for judgment against him upon his default in appearing at a conference, and setting the matter down for an inquest.

Ordered that the order dated May 6, 2011, is affirmed, with costs.

In order to vacate the order striking his answer based upon his default in appearing for a scheduled conference before the court, the appellant was required to demonstrate both a reasonable excuse for his failure to appear and a potentially meritorious defense (*see Hwang v Tam*, 72 AD3d 741 [2010]; *D & W Constr. v Israel*, 54 AD3d 889 [2008]; *Gazetten Contr., Inc. v HCO, Inc.*, 45 AD3d 530 [2007]; *M.S. Hi-Tech, Inc. v Thompson*,

23 AD3d 442 [2005]; *Travis v Mason*, 17 AD3d 449 [2005]; *Contractors Cas. & Sur. Co. v 535 Broadhollow Realty*, 276 AD2d 737, 738 [2000]; CPLR 5015 [a] [1]). "The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the trial court" (*Matter of Gambardella v Ortov Light.*, 278 AD2d 494, 495 [2000]; *see Travis v Mason*, 17 AD3d at 450).

Here, the appellant failed to establish a reasonable excuse for his failure to appear at the scheduled conference (*see Franchise Acquisitions Group Corp. v Jefferson Val. Mall Ltd. Partnership*, 51 AD3d 717 [2008]; *cf. Orwell Bldg. Corp. v Bessaha*, 5 AD3d 573 [2004]).

Accordingly, the Supreme Court properly denied the appellant's motion to vacate the order dated April 27, 2009. Skelos, J.P., Hall, Lott and Hinds-Radix, JJ., concur.