■ LAURENCE GLUCK et al., Appellants, v JAMES McDONOUGH, JR., et al., Respondents. [33 NYS3d 36]—

Orders, Supreme Court, New York County (Robert R. Reed, J.), entered October 28, 2015 and on or about November 9, 2015, which granted defendants' motion to vacate a default judgment entered against them, unanimously affirmed, without costs.

Plaintiffs allege that they retained defendant architects to prepare the building plans for a mansion in Southampton, New York, and that defendants negligently designed the house with a roof five feet lower than the maximum allowed by zoning law, notwithstanding plaintiffs' requests. In September 2014, plaintiffs served a summons and complaint asserting causes of action for breach of contract and professional

misconduct. Defendants did not answer or otherwise appear and plaintiffs moved for, and were granted, a default judgment. When defendants received plaintiffs' notice of an inquest to determine the amount of damages, they promptly moved to vacate the default judgment, contending, among other things, that they did not believe that plaintiffs were pursuing litigation, that settlement discussions were ongoing even after the service of the summons and complaint, and that plaintiffs had sent notice of their motion to an address where mail could not be received.

The lower court providently exercised its discretion in vacating plaintiffs' default judgment based on consideration of the relevant factors and in the interests of justice (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *New Media Holding Co. LLC v Kagalovsky*, 97 AD3d 463, 465 [1st Dept 2012]). It properly considered defendants' assertions of ongoing settlement discussions, that plaintiffs never told them that they intended to seek a default judgment, and the absence of any prejudice to plaintiffs resulting from the relatively short delay (*see Performance Constr. Corp. v Huntington Bldg., LLC*, 68 AD3d 737 [2d Dept 2009]; *Mutual Mar. Off., Inc. v Joy Constr. Corp.*, 39 AD3d 417, 419 [1st Dept 2007]; *Scarlett v McCarthy*, 2 AD3d 623 [2d Dept 2003]).

Defendants also established a meritorious defense to plaintiffs' claims of breach of contract and professional misconduct (*Batra v Office Furniture Serv.*, 275 AD2d 229, 231 [1st Dept 2000]), and strong public policy favors resolving cases on the merits (*New Media Holding Co.*, 97 AD3d at 465).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Manzanet-Daniels and Gesmer, JJ.