65-60 Realty Company, LLC, Respondent,
against
Towaki Komatsu, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Inez Hoyos, J.), entered January 5, 2015. The order, insofar as appealed from, denied tenant's motion to vacate a default final judgment in a holdover summary proceeding.




ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this holdover proceeding, tenant failed to appear on an adjourned trial date, and, following an inquest, a default final judgment was entered awarding landlord possession and arrears. Tenant appeals from an order of the Civil Court denying his motion to vacate the default final judgment.
It is well settled that a defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for the default and the existence of a meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Scarlett v McCarthy, 2 AD3d 623 [2003]). The determination of what constitutes a reasonable excuse lies within the motion court's sound discretion (see Santiago v New York City Health & Hosps. Corp., 10 AD3d 393, 394 [2004]; Roussodimou v Zafiriadis, 238 AD2d 568, 569 [1997]). Here, the Civil Court did not improvidently exercise its discretion in finding that tenant's unsupported assertions did not constitute a reasonable excuse for tenant's failure to appear on the adjourned trial date (see Matter of Evan Matthew A. [Jocelyn Yvette A.], 91 AD3d 538 [2012]; Guerre v Trustees of Columbia Univ. in City of NY, 300 AD2d 29 [2002]; Capital One Bank (USA), N.A. v Glauber, 39 Misc 3d 142[A], 2013 NY Slip Op 50768[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
In view of the lack of a reasonable excuse for the default, it is unnecessary to consider whether tenant sufficiently demonstrated the existence of a meritorious defense (see Levi v Levi, 46 AD3d 519 [2007]).
Accordingly, the order, insofar as appealed from, is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: December 07, 2016