Capital Equity Management, LLC, Appellant,
against
John Carrozza, Respondent.




Law Office of Daniel E. Sully (Daniel E. Sully of counsel), for appellant.
John Carrozza, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Cenceria P. Edwards, J.), entered October 18, 2017. The order granted defendant's motion to vacate a judgment of that court entered March 13, 2008 upon defendant's failure to appear and answer the complaint, and, upon such vacatur, to dismiss the complaint.




ORDERED that the order is reversed, without costs, and defendant's motion to vacate the default judgment and dismiss the complaint is denied.
In this action to recover the principal sum of $5,178.40 for breach of a credit card agreement, the affidavit of service of process states that the summons and complaint were delivered to a female of suitable age and discretion at defendant's dwelling place in Brooklyn, New York. The process server also mailed copies of the summons and complaint to defendant at the same address (see CPLR 308 [2]). Defendant failed to appear or answer the complaint, and, on March 13, 2008, a default judgment was entered against him. A copy of the judgment with notice of entry was mailed to defendant on April 14, 2008 at the same address where he had been served.
In May 2017, defendant moved to vacate the default judgment and dismiss the complaint. In an affidavit in support of the motion, defendant argued, among other things, that, as he had never received the summons and complaint and that "this [was] not his debt," the default judgment should be vacated and the complaint dismissed. Plaintiff opposed the motion, arguing, [*2]among other things, that defendant's conclusory allegations were insufficient to rebut the process server's affidavit, and that the motion was untimely. The court set the matter down for a traverse hearing, at which the process server failed to appear. By order entered October 18, 2017, the Civil Court granted defendant's motion. This appeal by plaintiff ensued.
When a defendant moves to vacate a default judgment pursuant to CPLR 5015 (a) (1) and (4), the court is required to resolve the CPLR 5015 (a) (4) jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur pursuant to CPLR 5015 (a) (1) (see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897 [2013]). The burden of proving that in personam jurisdiction has been acquired rests with the plaintiff (see id.; Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589 [2009]). Generally, a process server's affidavit of service establishes a prima facie case as to the method of service which, therefore, gives rise to a presumption of proper service (see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719 [2014]; Parker v Top Homes, Inc., 58 AD3d 817, 818 [2009]; 425 E. 26th St. Owners Corp. v Beaton, 50 AD3d 845, 846 [2008]; Sando Realty Corp. v Aris, 209 AD2d 682 [1994]). In order to rebut this prima facie showing and raise an issue of fact necessitating a traverse hearing, a defendant is required to submit a sworn, nonconclusory, factually specific, denial of service (see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d at 719 ["no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" (internal quotation marks omitted)]). 
To the extent that defendant is seeking to vacate the default judgment pursuant to CPLR 5015 (a) (4), his conclusory allegations were insufficient to rebut the process server's affidavit. Therefore, the Civil Court erred in finding that defendant's moving papers raised an issue of fact necessitating a traverse hearing (see e.g. Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d at 719; Capital Equity Mgt., LLC v Weisz, 50 Misc 3d 128[A], 2015 NY Slip Op 51885[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Consequently, defendant's motion to vacate, insofar as it is based on a lack of personal jurisdiction, should have been denied without ordering a traverse hearing.
To the extent that defendant is seeking vacatur pursuant to CPLR 5015 (a) (1), it is uncontroverted that a copy of the default judgment, with notice of entry, was served on defendant on April 14, 2008, more than five years before defendant moved to vacate the default judgment. Nevertheless, a court has the inherent power to vacate a default judgment without considering the one-year limitation period set forth in CPLR 5015 (a) (1) (see CPLR 2004; Ray Realty Fulton, Inc. v Lee, 7 AD3d 772, 773 [2004]; Hunter v Enquirer/Star Inc., 210 AD2d 32, 33 [1994]). However, as defendant failed to provide a reasonable excuse for his failure to appear or answer, he failed to demonstrate that he is entitled to vacatur based on an excusable default (see CPLR 5015 [a] [1]).
To the extent that defendant seeks to vacate the default judgment pursuant to CPLR 317, we note that CPLR 317 does not apply, because defendant's May 10, 2017 motion to vacate the default judgment was made more than five years after the default judgment had been entered (see CPLR 317; Metro Portfolios, Inc. v Pop, 60 Misc 3d 137[A], 2018 NY Slip Op 51087[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
Accordingly, the order is reversed and defendant's motion to vacate the default judgment and dismiss the complaint is denied.
ALIOTTA, J.P., PESCE and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 22, 2019