Federal Natl. Mtge. Assn. v Sajdak (2021 NY Slip Op 01393)





Federal Natl. Mtge. Assn. v Sajdak


2021 NY Slip Op 01393


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-13117
 (Index No. 135482/16)

[*1]Federal National Mortgage Association, etc., appellant, 
v
Francis M. Sajdak, etc., respondent, et al., defendants.


David A. Gallo & Associates LLP, Roslyn Heights, NY (Jonathan M. Cohen of counsel), for appellant.
Staten Island Legal Services, Staten Island, NY (Sarah Baldwin of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated October 1, 2018. The order, insofar as appealed from, (1), upon reargument, adhered to the determination in an order of the same court (Judith N. McMahon, J.) dated August 21, 2017, in effect, denying those branches of the plaintiff's prior motion which were for leave to enter a default judgment against the defendant Francis M. Sajdak and for an order of reference, and granting that branch of that defendant's prior cross motion which was to compel the plaintiff to accept his late answer, and (2) granted that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him as time-barred.
ORDERED that the order dated October 1, 2018, is affirmed insofar as appealed from, with costs.
In June 2016, the plaintiff commenced this action to foreclose on a mortgage which secured a note and encumbered certain real property in Brooklyn owned by the defendant Francis M. Sajdak (hereinafter the defendant). The defendant failed to answer the complaint within the requisite time frame (see CPLR 320). Thereafter, upon receipt of the defendant's answer, the plaintiff rejected it as untimely and immediately moved, inter alia, pursuant to CPLR 3215(f) for leave to enter a default judgment against the defendant and for an order of reference. The defendant opposed the motion and cross-moved, inter alia, pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him as time-barred.
In an order dated August 21, 2017 (hereinafter the August 2017 order), the Supreme Court, in effect, denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and granted that branch of the defendant's cross motion which was to compel the plaintiff to accept his late answer. The court also directed a hearing before a court attorney referee to determine the statute of limitations issue. Thereafter, in an order dated October 1, 2018 (hereinafter the October 2018 order), the court granted the plaintiff's motion, inter alia, for leave to reargue its prior motion and its opposition to the [*2]defendant's prior cross motion, and, upon reargument, adhered to the original determination. The court also rejected the court attorney referee's report and recommendation, and, upon a de novo review of the statute of limitations issue, granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him as time-barred. The plaintiff appeals.
Under the circumstances of this case, the Supreme Court, upon reargument, properly adhered to the determination in the August 2017 order, in effect, denying those branches of the plaintiff's prior motion which were for leave to enter a default judgment against the defendant and for an order of reference and granting that branch of the defendant's prior cross motion which was to compel the plaintiff to accept his late answer. "'To successfully oppose a facially adequate motion for leave to enter a default judgment . . . on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for the delay and a potentially meritorious defense to the action'" (Nowakowski v Stages, 179 AD3d 822, 823, quoting Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1026-1027). Likewise, a defendant seeking to compel acceptance of his or her late answer pursuant to CPLR 3012(d) must show a reasonable excuse for the delay or default (see CPLR 3012[d]; Yonkers Rib House, Inc. v 1789 Cent. Park Corp., 19 AD3d 687, 688). "'Whether there is a reasonable excuse for a default is a discretionary, sui generis determination . . . made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits'" (Jin Long Liu v CPS Contr. Co., Inc., 188 AD3d 1018, 1018-1019, quoting Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877). The determination of what constitutes a reasonable excuse lies within the discretion of the Supreme Court (see Nowakowski v Stages, 179 AD3d at 823; Scarlett v McCarthy, 2 AD3d 623, 623).
Here, the Supreme Court noted that the defendant, appearing pro se, had participated in the settlement conferences and attempted to serve his late answer on the same day that the court marked the case "[n]ot [s]ettled." The court also noted that the defendant had been confused, as he continued to ask during the settlement conferences to have the action dismissed as barred by the statute of limitations, but that court staff had informed him that the conference was not the time to file motions (see e.g. Scarlett v McCarthy, 2 AD3d at 623-624; Lehrman v Lake Katonah Club, 295 AD2d 322). The court also noted that there was no willfulness on the part of the defendant and, in effect, determined that there was no prejudice to the plaintiff (see Jin Long Liu v CPS Contr. Co., Inc., 188 AD3d at 1019; Yonkers Rib House, Inc. v 1789 Cent. Park. Corp., 19 AD3d at 688). The defendant also set forth a potentially meritorious defense contending that the action was time-barred (see Jin Long Liu v CPS Contr. Co., Inc., 188 AD3d at 1019; Stavola v Bodd, 164 AD3d 538, 539). Accordingly, we see no basis to disturb the court's exercise of its discretion in denying those branches of the plaintiff's prior motion which were for leave to enter a default judgment against the defendant and for an order of reference and in granting that branch of the defendant's prior cross motion which was to compel the acceptance of his late answer (see e.g. Nowakowski v Stages, 179 AD3d at 824; Stavola v Bodd, 164 AD3d at 539).
The Supreme Court properly granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him as time-barred. An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 808). "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due" (U.S. Bank Trust, N.A. v Aorta, 167 AD3d at 808). "However, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Craig, 169 AD3d 627, 628 [internal quotation marks omitted]). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (id. at 629 [internal quotations marks omitted]).
Here, the defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff's predecessor in interest commenced an action in September 2009 which accelerated the mortgage at issue. The defendant showed that the plaintiff's [*3]predecessor in interest did not discontinue the action until November 3, 2015—after the six-year statute of limitations expired in September 2015. In opposition, the plaintiff failed to submit evidence to show that the mortgage was decelerated or that the statute of limitations was somehow reset (see U.S. Bank N.A. v Martin, 144 AD3d 891, 892-893; see also Nationstar Mtge., LLC v Dorsin, 180 AD3d 1054, 1056). Contrary to the plaintiff's contention, General Obligations Law § 17-101 is inapplicable to this action, as the plaintiff failed to submit any documentation demonstrating an absolute and unqualified acknowledgment by the defendant validly acknowledging the debt (see Nationstar Mtge., LLC v Dorsin, 180 AD3d at 1056; see also Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521).
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court