Timmerman v Gentile (2024 NY Slip Op 00924)

Timmerman v Gentile

2024 NY Slip Op 00924

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2023-00248
 (Index No. 728380/21)

[*1]Robert L. Timmerman, et al., appellants,
v
Florence Gentile, et al., respondents.

Robert L. Timmerman and Barbara H. Timmerman, Little Neck, NY, appellants pro se.
Capell Barnett Matalon & Schoenfeld LLP, New York, NY (Michelangelo Macchiarella of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), dated November 14, 2022. The order, insofar as appealed from, granted the defendants' motion for leave to enter a default judgment against the plaintiffs on their counterclaims.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On December 24, 2021, the plaintiffs commenced this action against the defendants to recover damages for breach of a lease agreement. On January 31, 2022, the defendants joined issue by serving an answer with counterclaims. By notice of motion dated March 11, 2022, the defendants moved for leave to enter a default judgment against the plaintiffs upon their failure to reply to the counterclaims. The plaintiffs opposed the motion, asserting, as a reasonable excuse for the delay, that they were attempting to negotiate a settlement. In an order dated November 14, 2022, the Supreme Court, inter alia, granted the defendants' motion for leave to enter a default judgment against the plaintiffs on their counterclaims. The plaintiffs appeal.
To successfully oppose the motion for leave to enter a default judgment based on the failure to timely serve a reply to the defendants' counterclaims, the plaintiffs were required to demonstrate a reasonable excuse for the delay and a potentially meritorious defense to the counterclaims (see Diuccio v Soren, 96 AD3d 994, 995; Maurice v Maurice, 78 AD3d 792, 793). While settlement negotiations, in certain instances, may constitute a reasonable excuse for a default (see Performance Constr. Corp. v Huntington Bldg., LLC, 68 AD3d 737, 738; Armstrong Trading, Ltd. v MBM Enters., 29 AD3d 835, 836), here, the plaintiffs failed to present any evidence of settlement negotiations between the parties. As the plaintiffs failed to offer a reasonable excuse for their default, the Supreme Court providently exercised its discretion in granting the defendants' motion for leave to enter a default judgment against the plaintiffs on the counterclaims (see Diuccio v Soren, 96 AD3d at 995). Inasmuch as the plaintiffs failed to demonstrate a reasonable excuse for their default, we need not consider whether they offered a potentially meritorious defense to the counterclaims (see OneWest Bank v Schiffman, 175 AD3d 1543, 1545).
BRATHWAITE NELSON, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court