■ BERNARD E. KEELER, Plaintiff, v WEST MOUNTAIN CORPORATION, Defendant and Third-Party Plaintiff, et al., Third-Party Defendant. BATHER, RINGROSE & WOLSFELD, INC., Third-Party Defendant and Fourth-Party Plaintiff-Appellant; COMO SPECIALITIES, INC., Fourth-Party Defendant-Respondent. (And One Other Action.) — Appeals from those portions of two orders of the Supreme Court at Special Term (Bradley, J.), entered December 19, 1983 in Albany County and March 23, 1984 in Schenectady County, which denied the fourth-party plaintiff's motion in each action to strike the fourth-party defendant's affirmative defense asserting lack of personal jurisdiction.

At issue on these appeals is whether the doctrine of collateral estoppel operates as a bar to the fourth-party defendant's affirmative defense asserting lack of personal jurisdiction. We conclude that it does and, therefore, Special Term's orders should be

modified so as to grant the fourth-party plaintiff's motions to strike the defense in each action.

Plaintiffs commenced these actions against West Mountain Corporation (West Mountain), alleging causes of action in negligence, seeking to recover damages for injuries sustained while riding an amusement slide operated by West Mountain in Warren County. West Mountain impleaded Seasons of Leisure International, Inc. (Seasons), the contractor which installed the slide, and Bather, Ringrose & Wolsfeld, Inc. (Bather), the architectural and engineering firm which designed it, both Minnesota corporations. Bather, in turn, impleaded Como Specialties, Inc. (Como), a Minnesota corporation which manufactured the component parts of the slide pursuant to purchase orders submitted by the contractor. Como asserted as an affirmative defense the lack of personal jurisdiction in each action.

In a prior action, West Mountain had sued Seasons and Bather seeking damages for delays in delivery and installation of the slide and for faulty construction. Bather impleaded Como, the manufacturer, and Como moved to dismiss the third-party complaint for lack of personal jurisdiction. Special Term granted the motion, but this court reversed, concluding that, pursuant to the 1979 amendment to CPLR 302 (subd [a], par 1), the courts of this State had personal jurisdiction over Como since the third-party plaintiff's cause of action arose out of Como's contract to supply goods or services in the State (*West Mountain Corp. v Seasons of Leisure Int.*, 82 AD2d 931).

"The doctrine of collateral estoppel, a narrower species of *res judicata,* precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.,* 62 NY2d 494, 500). The issue must have been material to the prior action and essential to the decision therein, and it must be the point actually to be determined in the subsequent action (*supra,* at pp 500-501). It must also be shown that the party against whom collateral estoppel is sought to be invoked had a full and fair opportunity to contest the decision in the prior action (*Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485).

Application of these general principles leads to the conclusion that fourth-party defendant Como is barred from asserting lack of personal jurisdiction in these actions. The issue in the present actions, i.e., whether the courts of this State have personal jurisdiction over Como in an impleader action wherein Como's potential liability arises out of its contract which resulted in

delivery of component parts of the slide in New York, is identical to that in the prior action. There can be little doubt that the issue was material to the prior action and that it was actually decided. This court clearly stated that the courts of this State have jurisdiction over Como pursuant to CPLR 302 (subd [a], par 1) (*West Mountain Corp. v Seasons of Leisure Int., supra*). We also conclude that Como, having moved to dismiss on the basis of lack of personal jurisdiction in the prior action, had a full and fair opportunity to litigate the issue.

In the prior action, after concluding that Special Term erred in finding a lack of personal jurisdiction over Como, this court noted that Special Term further erred in granting Como's motion without ordering discovery to enable Bather to oppose Como's motion. That discussion, however, was not intended to indicate the absence of a full and fair opportunity to litigate the issue or that this court had not decided the issue on the merits. Rather, we were merely pointing out that even under the legal theory erroneously applied by Special Term, which had been changed by the amendment to CPLR 302, Como's motion to dismiss for lack of personal jurisdiction should not have been granted without further development of the record.

Orders modified, on the law, by reversing so much thereof as denied the fourth-party plaintiff's motions to strike the fourth-party defendant's affirmative defenses asserting lack of personal jurisdiction, motions granted, and, as so modified, affirmed, with costs to the fourth-party plaintiff. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.