■ TARA KHANAL, Respondent, v DAVE SHELDON, Also Known As DAVID SHELDON, Appellant, et al., Defendant. [904 NYS2d 453]—In an action to recover a down payment pursuant to a contract for the purchase of real property, the defendant Dave Sheldon, also known as David Sheldon, appeals from (1) an order of the Supreme Court, Queens County (Hart, J.), dated January 7, 2009, which, in effect, denied his motion to vacate a prior order dated September 19, 2007, inter alia, granting the plaintiff's cross motion for summary judgment in lieu of complaint pursu-

ant to CPLR 3213, upon his default in opposing the cross motion, and to vacate a prior order dated October 25, 2007, granting the plaintiff leave to enter a money judgment, (2) an order of the same court entered February 25, 2009, which denied an application to sign an order to show cause, (3) an order of the same court dated February 4, 2009, which directed him and nonparty Darren K. Kearns to appear before the court on a subsequent date, and (4) a judgment of the same court entered October 15, 2009, which is in favor of the plaintiff and against him in the principal sum of $50,000.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, the motion of the defendant Dave Sheldon, also known as David Sheldon, to vacate the orders dated September 19, 2007, and October 25, 2007, is granted, that defendant's moving papers are deemed to be his answer, the order dated January 7, 2009, is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, before a different Justice for all further proceedings in this action; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from the order dated January 7, 2009, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The appeal from the order entered February 25, 2009, must be dismissed on the ground that no appeal lies from an order denying an application to sign an order to show cause (*see* CPLR 5701).

The appeal from the order dated February 4, 2009, must be dismissed, as no appeal lies as of right from an order which does not determine a motion made on notice (*see* CPLR 5701 [a] [2]), and we decline to grant leave to appeal in view of the fact that a final judgment has been entered.

CPLR 5015 (a) (1) permits a court to vacate a default where the moving party demonstrates both a reasonable excuse for the default and the existence of a potentially meritorious cause of action or defense (*see Orwell Bldg. Corp. v Bessaha*, 5 AD3d 573 [2004]; *Scarlett v McCarthy*, 2 AD3d 623 [2003]; *Westchester Med. Ctr. v Clarendon Ins. Co.*, 304 AD2d 753 [2003]). The de-

termination of what constitutes a reasonable excuse is left to the sound discretion of the court (*see Scarlett v McCarthy*, 2 AD3d 623 [2003]; *Westchester Med. Ctr. v Clarendon Ins. Co.*, 304 AD2d 753 [2003]; *Holt Constr. Corp. v J & R Music World*, 294 AD2d 540 [2002]). Further, public policy favors a determination of controversies on their merits (*see Scarlett v McCarthy*, 2 AD3d 623 [2003]; *Eastern Resource Serv. v Mountbatten Sur. Co.*, 289 AD2d 283, 284 [2001]). Here, the Supreme Court improvidently exercised its discretion in holding that the defendant Dave Sheldon, also known as David Sheldon, failed to offer a reasonable excuse for his default. Sheldon established that the plaintiff's cross motion for summary judgment in lieu of complaint was untimely and did not afford him an opportunity to respond (*see D'Aniello v T.E.H. Slopes*, 301 AD2d 556 [2003]; *Perez v Perez*, 131 AD2d 451 [1987]). Furthermore, Sheldon established a potentially meritorious defense by proffering evidence that the plaintiff failed to comply with the mortgage contingency clause set forth in the subject contract for the purchase of real property (*see e.g. Sbordone v Clouse*, 207 AD2d 337 [1994]).

The parties' remaining contentions either need not be reached in light of our determination or are without merit. Santucci, J.P., Dickerson, Chambers and Sgroi, JJ., concur.

Motion by the respondent, inter alia, to dismiss appeals from three orders of the Supreme Court, Queens County, dated January 7, 2009, and February 4, 2009, and entered February 25, 2009, respectively, on the ground that the orders are not appealable. By decision and order on motion of this Court, dated September 21, 2009, that branch of the motion which was to dismiss the appeals was held in abeyance and was referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which was to dismiss the appeals is denied as academic in light of our determination of the appeals. Santucci, J.P., Dickerson, Chambers and Sgroi, JJ., concur.