09-4308-cv
Sheldon v. Khanal

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of October, two thousand ten.

PRESENT:   ROBERT D. SACK,
                    REENA RAGGI,
                              *Circuit Judges*,
                    JOHN G. KOELTL,
                              *District Judge*.[*]

------------------------------------------------------------------------
DAVE SHELDON, DARREN K. KEARNS,

                              *Plaintiffs-Appellants*,

                    v.                                    No. 09-4308-cv

TARA KHANAL, ABU B. ATHAR, DAVID J. MELO, personally and individually, NETWORK MORTGAGE SERVICES, INC., SHAMS UDDIN, personally and individually, OPTION ONE MORTGAGE CORPORATION, WINZONE REALTY INC., JULIE S.C. WONG, SWEENEY, GALLO, REICH & BOLZ LLP, ROSEMARIE A. KLIE, personally and individually, NEW YORK COMMUNITY BANK, FORCHELLI, CURTO,

---

[*] District Judge John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

SCHWARTZ, MINEO, CARLINO & COHN,
JAMES CANTANNO, personally and individually,
                    *Defendants-Appellees.*[**]
---------------------------------------------------------------------

APPEARING FOR APPELLANTS:    DARREN K. KEARNS, Esq., *pro se*, Overland Park, Kansas (Dave Sheldon, *pro se,* Overland Park, Kansas*, on the brief*).

APPEARING FOR APPELLEES:    DANIEL FELBER, Esq., Hastings-on-Hudson, New York, *for Defendants-Appellees The Law Firm of David J. Melo, Esq. and David J. Melo.*

GREGG P. TABAKIN, Fein, Such, Kahn & Shepard, P.C., Chestnut Ridge, New York, *for Defendant-Appellee Option One Mortgage Corporation.*

RASHEL M. MEHLMAN, Sweeney, Gallo, Reich & Bolz, LLP, Rego Park, New York, *pro se and for Defendant-Appellee Rosemarie A. Klie.*

James C. Ricca, of Counsel, (Kathryn Sammon Burns, of Counsel, *on the brief*) Forchelli, Curto, Deegan, Schwartz, Mineo, Cohn & Terrana, LLP, Uniondale, New York, *pro se and for Defendants-Appellees New York Community Bank and James Cantanno.*

Bill Xian Feng Zou, Law Offices of Xian Feng Zou, Flushing, New York, *for Defendants-Appellees Winzone Realty Inc. and Julie S.C. Wong.*

Appeal from the United States District Court for the Eastern District of New York

---

[**] The Clerk of the Court is directed to amend the caption to read as shown above.

(Kiyo A. Matsumoto, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on October 2, 2009, is AFFIRMED in part and VACATED in part and the action is REMANDED for further proceedings consistent with this order. The motion of certain defendants for sanctions is DENIED.

Pro se plaintiffs Dave Sheldon and Darren K. Kearns assert numerous claims sounding in breach of contract and tort arising out of their 2006 purchase of, and subsequent attempts to sell, the property located at 148-18 Laburnum Avenue in Flushing, New York. Plaintiffs, who were afforded an opportunity to amend their initial complaint to remedy certain pleading defects, appeal from the district court's dismissal of their amended complaint on grounds of failure to state a claim, lack of subject matter jurisdiction, and res judicata and collateral estoppel. In defending the challenged judgment, defendants New York Community Bank; Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn; and James Cantanno (the "NYCB defendants") move for sanctions pursuant to Fed. R. App. P. 38. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

1.      Plaintiffs' Appeal

When reviewing dismissal of a complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or for failure to state a claim under Fed. R. Civ. P. 12(b)(6), we review factual findings for clear error and legal conclusions de novo, accepting all material

3

facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiffs' favor.  See Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008); Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim will have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  While the pleadings of pro se litigants are generally construed liberally, see, e.g., Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), because plaintiff Kearns is an attorney, these plaintiffs "cannot claim the special consideration which the courts customarily grant to pro se parties," Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 82 n.4 (2d Cir. 2001) (internal quotation marks omitted).  We review application of the doctrines of res judicata and collateral estoppel de novo.  See O'Connor v. Pierson, 568 F.3d 64, 69 (2d Cir. 2009); Chartier v. Marlin Mgmt., LLC, 202 F.3d 89, 93 (2d Cir. 2000).  We may, in our discretion, "affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court."  Liberty Mut. Ins. Co. v. Hurlbut, 585 F.3d 639, 648 (2d Cir. 2009) (internal quotation marks omitted).

Plaintiffs submit that the district court erred in: (1) dismissing the majority of their claims for failure to state a claim; (2) dismissing their breach of contract claim against defendants David J. Melo and The Law Firm of David J. Melo, Esq. (the "Melo defendants")

4

for failure to meet the amount-in-controversy requirement of 28 U.S.C. § 1332(a); and (3) dismissing their claims against certain other defendants as barred by the doctrines of res judicata and collateral estoppel.

### a. Res Judicata and Collateral Estoppel

Plaintiffs assert that in dismissing certain of their claims on res judicata and collateral estoppel grounds the district court relied, in part, on a New York state court judgment that has since been reversed. See Khanal v. Sheldon, 74 A.D.3d 894, 904 N.Y.S.2d 453 (2d Dep't 2010). Clearly, the district court could not have anticipated this development. Nevertheless, because "[a] judgment vacated or set aside has no preclusive effect," Stone v. Williams, 970 F.2d 1043, 1054 (2d Cir. 1992), we are compelled to reverse the district court's dismissal insofar as its preclusion determination rested on this judgment.

### b. Failure to State a Claim

Upon independent review of the record, we conclude for substantially the reasons stated in the district court's thorough and well-reasoned opinion that plaintiffs' claims against all defendants except Tara Khanal, the prospective purchaser of the property in question, were properly dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Contrary to plaintiffs' argument, the district court did not improperly require them to adduce evidence in support of their claims at the pleading stage; rather, the district court carefully and correctly applied the plausibility requirement of Twombly and Iqbal, as well as other applicable legal standards, in analyzing plaintiffs' allegations and theories and finding them

5

insufficient to state a claim. Because we conclude that the claims against defendants other than Khanal were properly dismissed on this ground, we need not reach plaintiffs' arguments concerning the district court's alternative reasons for dismissing their claims against these defendants.

With respect to the Melo defendants, who acted as defendant Khanal's legal representatives in the contemplated real estate transaction, we note that the district court did not consider whether plaintiffs stated a breach of contract claim, ordering dismissal for lack of subject matter jurisdiction based on failure to meet the amount-in-controversy requirement of 28 U.S.C. § 1332(a). We easily conclude that plaintiffs failed to state a claim for breach of contract against the Melo defendants, as it is not alleged that they were party to any contract with plaintiffs. Accordingly, we need not address plaintiffs' challenge to the district court's amount-in-controversy analysis.

While defendant Khanal moved to dismiss the claims against her only on collateral estoppel and res judicata grounds, and not for failure to state a claim, see Def. Tara Khanal's Mot. to Dismiss, Sheldon v. Khanal, No. 08-cv-3676, Docket Entry No. 134 (E.D.N.Y. Apr. 28, 2008), we conclude, for substantially the same reasons stated by the district court in granting Rule 12(b)(6) relief to other defendants, that the dismissal of plaintiffs' claims against Khanal can be affirmed on this alternate ground, with the sole exception of that for breach of contract. See Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) (recognizing district courts' inherent power to dismiss meritless claims); cf.

6

<u>Pillay v. INS</u>, 45 F.3d 14, 17 (2d Cir. 1995) (recognizing this court's inherent power to dismiss meritless appeals). We do not ourselves conclude that plaintiffs have adequately pleaded such a contract claim, and we doubt the likelihood of the plaintiffs' ultimate success on this claim. We note simply that the allegations as to Khanal on this claim are sufficiently distinct from those pertaining to other defendants that we decline to address, in the first instance and in the absence of a motion by Khanal pursuant to Fed. R. Civ. P. 12(b)(6), the sufficiency of this pleading. Accordingly, we vacate the dismissal of plaintiffs' breach of contract claim against Khanal, and we remand to the district court for further proceedings consistent with this order.

We have considered plaintiffs' remaining arguments on appeal and conclude that they are without merit.

2.      <u>NYCB Defendants' Motion for Sanctions</u>

The NYCB defendants urge us to impose sanctions against plaintiffs pursuant to Fed. R. App. P. 38, which provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." We have generally imposed Rule 38 sanctions only in cases of blatant frivolity, bad faith, or repetitive filing. <u>See, e.g.</u>, <u>In re 60 E. 80th St. Equities, Inc.</u>, 218 F.3d 109, 119-20 (2d Cir. 2000) (imposing sanctions because appeal was taken in bad faith and appellant had repeatedly raised frivolous arguments in other federal courts); <u>Moore v. Time, Inc.</u>, 180 F.3d 463, 463-64 (2d Cir. 1999) (imposing sanctions where appellant had previously brought

7

several frivolous appeals). Plaintiffs' conduct during the course of this litigation has been, on the whole, highly troubling, and their institution of a new suit in Kansas during the pendency of this appeal is particularly questionable. Nonetheless, we cannot say that plaintiffs' conduct in the course of the current appeal has yet reached the sanctionable level. The motion to impose sanctions therefore is denied.

Accordingly, the judgment of the district court is hereby VACATED insofar as the breach of contract claim against Khanal was dismissed and the action is REMANDED for further proceedings consistent with this order as to that claim. The judgment is AFFIRMED in all other respects, and the motion for sanctions is DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court