■ DIRECTV LATIN AMERICA, LLC, et al., Appellants, v CARLOS PRATOLA et al., Respondents. [942 NYS2d 528]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 12, 2011, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

The issue whether New York courts have personal jurisdiction over defendants Pratola and Clemente pursuant to CPLR 301 and 302 was determined in the prior federal action and, pursuant to the doctrine of collateral estoppel, may not be relitigated (*see Keeler v West Mtn. Corp.*, 105 AD2d 953, 955 [1984]). Al-

though plaintiff Latin American Sports, LLC was not a party to the federal action, it may be collaterally estopped because it is a limited liability company wholly owned by DirecTV, and its interests with respect to the claims against defendants are identical to those of DirecTV (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]).

No determination was made in the federal action as to personal jurisdiction over defendant Zunda, allegedly a citizen of the United States with a domicile in Argentina, who, until his termination, was employed as a senior officer at DirecTV Argentina, a subsidiary of DirecTV. Plaintiffs' sole allegation in support of their position is that defendants deposited funds into a New York bank account owned by Clemente, from which they funneled money to Pratola and Zunda. This is insufficient to invoke personal jurisdiction over Zunda pursuant to CPLR 302 (a) (1), which authorizes exercise of personal jurisdiction over a non-domiciliary who "transacts any business within the state" (*see Pramer S.C.A. v Abaplus Intl. Corp.*, 76 AD3d 89, 95 [2010]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ.