FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 20, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVE SHELDON;
DARREN K. KEARNS,

      Plaintiffs-Appellants,

v.

TARA KHANAL; ABU B. ATHAR;
DAVID J. MELO, Esq., individually and
as a firm; NETWORK MORTGAGE,
INC.; SHAMS UDDIN, a/k/a Mohammed
Shams Uddin, individually; WINZONE
REALTY, INC.; JULIE S.C. WONG,
individually; SWEENEY, GALLO,
REICH & BOLZ, LLP; ROSEMARIE A.
KLIE, Esq., individually; SAND
CANYON CORPORATION, f/k/a
Option One Mortgage Corporation;
OPTION ONE MORTGAGE
CORPORATION,

      Defendants-Appellees.

No. 10-3237
(D.C. No. 2:10-CV-02412-CM-GLR)
(D. Kan.)

**ORDER**

Before **MURPHY**, **HARTZ**, and **GORSUCH**, Circuit Judges.

This matter comes before the court on Appellants' Motion to Modify Order

and Judgment Pursuant to 28 U.S.C. §1447(c), which we construe as a petition for

rehearing. Appellants contend that §1447(c) mandates that we modify our Order and

Judgment entered October 10, 2012, to direct the district court to remand to the

Kansas state court both appellants' contract claim against David J. Melo, which the district court dismissed, and their contract claim against Tara Khanal, which we remanded to the district court for dismissal in our Order and Judgment.

Appellants raised no objection in their briefs on appeal to the district court's dismissal of their contract claim against David J. Melo. Accordingly, we deny appellants' request to modify the Order and Judgment as to the disposition of this claim.

We will, however, modify our directions to the district court on remand to direct that it not simply dismiss the contract claim against Tara Khanal, but remand it to the Kansas state court from whence it was removed. Accordingly, Appellants' Motion to Modify Order and Judgment is granted in part and denied in part. A copy of the amended Order and Judgment is attached to this order and the Clerk is directed to file it.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 2 -

FILED
United States Court of Appeals
Tenth Circuit

November 20, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVE SHELDON;
DARREN K. KEARNS,

        Plaintiffs-Appellants,

v.

TARA KHANAL; ABU B. ATHAR;
DAVID J. MELO, Esq., individually and
as a firm; NETWORK MORTGAGE,
INC.; SHAMS UDDIN, a/k/a Mohammed
Shams Uddin, individually; WINZONE
REALTY, INC.; JULIE S.C. WONG,
individually; SWEENEY, GALLO,
REICH & BOLZ, LLP; ROSEMARIE A.
KLIE, Esq., individually; SAND
CANYON CORPORATION, f/k/a
Option One Mortgage Corporation;
OPTION ONE MORTGAGE
CORPORATION,

        Defendants-Appellees.

No. 10-3237
(D.C. No. 2:10-CV-02412-CM-GLR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **MURPHY**, **HARTZ**, and **GORSUCH**, Circuit Judges.

This is the third lawsuit spawned by the aborted sale of a house in New York owned by plaintiffs Dave Sheldon and Darren Kearns[1] (Sellers). Sellers sued Tara Khanal, the potential buyer; her husband, Abu B. Athar; her attorney, David J. Melo, Esq.;[2] the real estate agents, Julie S.C. Wong and Winzone Realty, Inc. (Wong); mortgage company Network Mortgage Inc. and its broker, Shams Uddin (Uddin); mortgage lender Option One Mortgage Corp.;[3] and the attorneys who represented Khanal in subsequent New York state court proceedings, Rosemarie Klie, Esq. and the firm of Sweeney, Gallo, Reich & Bolz, L.L.P. (Klie). The district court dismissed on res judicata grounds all of Sellers' claims, except their contract claim against Melo, which the court dismissed without prejudice because the same claim was then pending in another federal court. On appeal Sellers contend that the district court erred in denying their motion to remand the case to Kansas state court, from whence it was removed, and in dismissing their claims based on res judicata. We affirm the district court's judgment in all respects except the merits dismissal of

---

[1] Kearns, who is a licensed attorney, has filed the briefs on appeal both as counsel for Sheldon and as a pro se party. "While we ordinarily construe pro se pleadings liberally, the same courtesy need not be extended to licensed attorneys." *Mann v. Boatright*, 477 F.3d 1140, 1148 n. 4 (10th Cir. 2007) (citation omitted).

[2] Sellers sued Melo both "personally and individually" and "as a firm." Aplt. App. at 110. Except where noted, our references to "Melo" include both capacities.

[3] Option One has since changed its name to Sand Canyon Corp., but we will continue to refer to it by its previous name.

Sellers' contract claim against Khanal. That portion of the judgment is reversed and remanded with instructions to the district court to modify the judgment to reflect that this claim is dismissed for lack of subject-matter jurisdiction.

## I. Procedural History

In February 2007, following her cancellation of the real estate contract with Sellers, Khanal sued Sellers in New York state court (*Sheldon I*) to recover, among other things, the return of her $50,000 down payment. Khanal was unable to secure service on Kearns, but in September 2007 she obtained a judgment against Sheldon. *See Khanal v. Sheldon*, No. 2958/07, 2007 WL 2850994, at *2 (N.Y. Sup. Ct. Sept. 19, 2007). The court held that the contract provided that the down payment would be returned to Khanal if she could not get a written mortgage commitment, and because she had produced a written denial from a mortgage lender (Option One), she was entitled to a return of the down payment. *See id.* Sheldon filed a motion to vacate the decision, and when it was denied, he appealed.

Meanwhile, in March 2007, Sellers filed a diversity complaint in federal court in Kansas[4] (*Sheldon II*) naming everyone who is a defendant in this case.[5] Sellers asserted 14 claims for relief, including breach of contract, fraud, and other tortious conduct. In August 2008, while motions to dismiss Sellers' complaint were pending,

---

[4] Sheldon is a resident of Kansas and Kearns, who is a resident of Missouri, maintains an office in Kansas.

[5] Sellers also sued several other parties, not involved in the present action, on claims arising out of Sellers' purchase of the property at a sheriff's sale.

the court transferred the case to the United States District Court for the Eastern District of New York (the Eastern District). Following a conference in the Eastern District, all the pending motions to dismiss were withdrawn without prejudice, discovery was stayed, and the court set a schedule for defendants' responsive pleadings. Melo, Uddin, Wong, Klie, and Option One filed new motions to dismiss, and Khanal filed an answer. Thereafter the Eastern District entered an order reiterating that discovery was stayed as to all parties until the motions to dismiss were resolved.

On September 30, 2009, the Eastern District entered a lengthy order dismissing each of Sellers' claims. *See Sheldon v. Khanal*, No. 08-cv-3676, 2009 WL 3233093 (E.D.N.Y. Sept. 30, 2009). The court dismissed Sellers' contract claim against Melo under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, because there was not a sufficient amount in controversy. *See id.* at \*6. It dismissed the remaining claims against Melo and all the claims against the other defendants under Rule 12(b)(6) for failure to state a claim for relief. *See id.* at \*8-16. Although the court recognized that neither Athar nor Khanal had filed a motion to dismiss, it concluded that Sellers' claims against them should still be dismissed for failure to state a claim. *See id.* at \*8 (Athar), \*19 (Khanal). Relying on the New York state court's judgment in favor of Khanal in *Sheldon I*, the court alternatively dismissed Sellers' claims against Melo, Uddin, and Klie because they were barred by collateral estoppel and it alternatively dismissed Sellers' claims against Khanal because they

- 4 -

were barred by res judicata. *See id.* at \*18-19. Sellers appealed the Eastern District's decision to the Second Circuit.

On June 8, 2010, while Sellers' appeal was pending before the Second Circuit, a New York state appellate court reversed the judgment against Sheldon in *Sheldon I* and remanded the matter for further proceedings. *See Khanal v. Sheldon*, 74 A.D.3d 894, 894-96 (N.Y. App. Div. 2010). The court held that Sheldon had provided a reasonable excuse for his failure to respond to Khanal's summary-judgment motion and had advanced a "potentially meritorious defense" to her claims. *Id.* at 896.

Rather than await the outcome of their appeal to the Second Circuit or of the remanded proceedings in New York state court, Sellers filed the current action (*Sheldon III*) on June 24, 2010, in Kansas state court. They alleged 14 claims for relief similar to those alleged in *Sheldon II*. On July 22 Option One filed a notice of removal to the United States District Court for the District of Kansas (the Kansas District Court), and all the defendants except Athar either joined in or consented to the removal. On July 27 Sellers filed a motion to remand, contending the removal was improper, and Option One filed in the Kansas District Court a motion to dismiss, arguing that Sellers' claims were barred by both res judicata and the statute of limitations. Several weeks later, Sellers filed in the Kansas District Court a motion to amend their complaint.

On September 3, 2010, the Kansas District Court (1) denied Sellers' motion for remand; (2) set aside the Clerk's default entered against Khanal, Melo, and Klie;

(3) granted Option One's motion to dismiss on the basis of res judicata; (4) sua sponte dismissed Sellers' claims against all the other defendants; and (5) denied as moot Sellers' motion to amend the complaint. Sellers have appealed, challenging both the denial of their motion to remand and the dismissal of their claims on res judicata grounds.

### III. Denial of the Motion to Remand

"This court has jurisdiction over a denial of a motion to remand to state court when coupled with the appeal of a final judgment." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999) (internal quotation marks omitted). "[W]e review a district court's determination of the propriety of removal de novo." *Id.* "[T]here are two types of improperly removed cases: those in which the federal court has no subject matter jurisdiction and those with defects in the removal procedure itself." *Id.* "A defect in subject matter jurisdiction can never be waived[;] . . . [a] procedural defect, however, does not involve the subject matter jurisdiction of the court and may be waived." *Id.* at 1076-77. In their motion to remand, Sellers contended there were both jurisdictional and procedural defects in the removal.

### A. Alleged Jurisdictional Defect

Sellers argued that the Kansas District Court lacked subject-matter jurisdiction over the removed action because the Eastern District had ruled in *Sheldon II* that Sellers' contract claim against Melo did not meet the required amount in controversy and hence there was no federal diversity jurisdiction over the claim. Sellers argued

that if the Kansas District Court lacked jurisdiction over the claim against Melo, the case could not be removed to federal court. Sellers reurge this argument on appeal.

To be sure, jurisdictional rulings can have preclusive effect, in that "dismissals for lack of jurisdiction preclude relitigation of the issues determined in ruling on the jurisdiction question." *Park Lane Res. L.L.C. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004) (internal quotation marks omitted). But even if the Kansas District Court lacked jurisdiction over the contract claim against Melo,[6] the other claims could still be removed. The removal statute authorizes the removal from state court of "any civil action . . . of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "[A] district court has original jurisdiction of a civil action for purposes of § 1441(a) as long as it has original jurisdiction over a subset of the claims constituting the action." *Exxon Mobile Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 563 (2005). Thus, even if there are claims in the action over which the Kansas District Court lacks original jurisdiction because they fall short of the required amount in controversy, the entire action can be removed to federal court under §1441(a) so long as the Kansas District Court has

---

[6] Perhaps the Eastern District's ruling that Sellers' contract claim against Melo did not meet the required amount in controversy would have precluded relitigation of that issue in *Sheldon III* at the time it was removed to federal court. But the preclusive effect of the Eastern District's jurisdictional ruling was lost when the Second Circuit resolved the appeal from the Eastern District's judgment without affirming that ruling. *See Sheldon v. Khanal*, 396 F. App'x 737, 739-40 (2d Cir. 2010); 18A Charles Alan Wright, et al., *Federal Practice & Procedure* § 4432, at 63-64 & n.24 (2d ed.).

original jurisdiction over one claim. That the court may not have original jurisdiction over all the claims "is of no moment." *Id.* at 559. There may be a question whether the federal court can exercise supplemental jurisdiction over the other claims; but Sellers do not raise such a challenge.

B. Alleged Procedural Defects

Sellers also challenged the propriety of the removal on two procedural grounds. First, they argued that removal was improper because Athar did not consent to the removal. If a case is removed based solely on federal diversity jurisdiction, "all defendants who have been properly joined *and served* must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). Option One argued that Athar's consent was not necessary because Athar was only a nominal party, he had not been served at the time the case was removed, and, in any event, Option One had been informed that he was dead. The Kansas District Court concluded that Athar's consent to removal was not necessary because he had not been served at the time Option One filed its notice of removal. On appeal Sellers argue that Athar was not simply a nominal party and that the Kansas District Court should have remanded the case to state court because he did not join in the removal. We reject the argument as contrary to the clear statutory language requiring only *served* defendants to consent to removal.

Sellers also challenged the removal on the ground that Option One failed to include with its notice of removal the required copies of all the summonses served on

defendants. A defendant who wishes to remove a case from state to federal court must, within 30 days after receipt of the complaint, file a notice of removal in federal court "together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1446(a), (b). Option One was served with the complaint on June 28 and filed its notice of removal on July 22. It failed to include copies of the summonses with its notice of removal.[7]

But immediately after Sellers raised the defect in their motion to remand on July 27, Option One filed in the Kansas District Court copies of all the state-court pleadings, including the summonses. In its response to Sellers' motion to remand, Option One argued that its July 27 filing cured the original defect. Sellers' reply did not address the sufficiency of Option One's attempt to cure the defect; it simply reiterated their argument that the failure to include the summonses with the notice of removal necessitated a remand. The Kansas District Court concluded that no remand was warranted because Option One had filed all the necessary state-court pleadings, including the summonses that Sellers contended were missing.

Sellers renew on appeal their argument that the omission of the summonses in the notice of removal required a remand. We reject the argument. A removing defendant's failure to attach to its notice of removal the required state-court documents--in particular, a summons--is a procedural defect that can be cured, either

---

[7] Although the parties failed to include a copy of the notice of removal in their appendices, we may take judicial notice of it as well.

before or after the 30-day removal period. *See Countryman v. Farmers Ins. Exchg.*, 639 F.3d 1270, 1273 (10th Cir. 2011) (per curiam).

For the first time on appeal, Sellers argue that Option One's cure was insufficient to avoid a remand and that Melo did not properly join in the removal petition. We need not address these belated arguments. Nonjurisdictional defects must be raised within 30 days after the filing of the notice of removal or they are waived. *See* 28 U.S.C § 1447(c); *Huffman*, 194 F.3d at 1077; 14C Charles Alan Wright, et al., *Federal Practice & Procedure* § 3739 (4th ed.) ("After the expiration of the 30-day period following the filing of the removal notice, the right to object to nonjurisdictional defects in the removal process is considered waived.") (collecting cases). Moreover, there are no unusual circumstances here that would lead us to depart from our general rule that we will not consider an argument that was not raised in the district court. *See United States v. Jarvis*, 499 F.3d 1196, 1202 (10th Cir. 2007) (this court will consider an argument not raised in district court only in "the most unusual circumstances" (internal quotation marks omitted)).

### III. Dismissal of Claims on Res Judicata Grounds

We review de novo the district court's conclusions of law on the applicability of res judicata. *Nwosun v. Gen. Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997). "[F]ederal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). Under federal law the preclusive effect of a

federal diversity court's judgment usually should be determined by applying "the law that would be applied by the state courts in the State in which the federal diversity court sits." *Id*. In this case, that is the law of New York, where the Eastern District sits.

"In New York, res judicata, or claim preclusion, bars successive litigation based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 894 N.E.2d 1, 12 (N.Y. 2008) (citations omitted) (internal quotation marks omitted)).

Sellers made several arguments in the Kansas District Court why res judicata should not bar their claims, and they repeat those arguments on appeal. First, Sellers argue that res judicata should not apply because, after the Eastern District issued its decision in *Sheldon II*, the New York state appellate court set aside Khanal's judgment against Sheldon in *Sheldon I*. But in ruling that Sellers' claims were barred by res judicata, the Kansas District Court did not rely on either the New York state trial court's original ruling in *Sheldon I* or on the Eastern District's alternate-ground dismissal in *Sheldon II*. Rather, the Kansas District Court relied on the Eastern District's determination that Sellers failed to state any claims for relief, [8] which was

_____

[8] As mentioned earlier, the Eastern District did not dismiss the contract claim against Melo in *Sheldon II* on the ground that it failed to state a claim for relief, and the

(continued)

- 11 -

not affected by the New York state court's subsequent reversal of the original judgment in *Sheldon I*.

We do note, however, that while the present appeal has been pending, the Second Circuit reversed the Eastern District's dismissal of Sellers' contract claim against Khanal and remanded that claim for further proceedings. *Sheldon v. Khanal*, 396 F. App'x 737, 740 (2d Cir. 2010). Consequently, the res judicata effect of the Eastern District's initial dismissal of that claim no longer exists. *See, e.g., Sage Realty Corp. v. Proskauer Rose LLP*, 251 A.D.2d 35, 39 (N.Y. App. Div. 1998) (once court's decision is reversed, it has no preclusive effect).

Ordinarily, this would lead us to reverse the Kansas District Court's dismissal of the contract claim against Khanal and remand the matter to the Kansas District Court for further proceedings. But after the Second Circuit remanded the contract claim against Khanal to the Eastern District, the Eastern District concluded that the claim did not meet the required amount in controversy and dismissed it for lack of subject-matter jurisdiction. *Sheldon v. Khanal*, No. 08-cv-3676, 2011 WL 3876970, at *9-10 (E.D.N.Y. Aug. 31, 2011). Sellers did not appeal that decision.

Kansas District Court did not dismiss the like claim in *Sheldon III* on res judicata grounds. Rather, the Kansas District Court dismissed the claim without prejudice on the ground that the Eastern District's decision was then pending before the Second Circuit, which might conclude the Eastern District did have subject-matter jurisdiction over the claim and remand it for further proceedings. Sellers do not challenge the dismissal of their contract claim against Melo by the Kansas District Court. Our discussion is therefore limited solely to the dismissal of Sellers' other claims on res judicata grounds.

Under the doctrine of collateral estoppel, a party may not relitigate a jurisdictional issue that was decided against it in prior proceedings. *See DirecTV Latin Am., LLC v. Pratola*, 94 A.D.3d 628, 628-29 (N.Y. App. Div.), *leave to appeal denied*, ___ N.E.2d ___, No. 2012-599, 2012 WL 4017464 (N.Y. Sept. 13, 2012); *Keeler v. W. Mtn. Corp.*, 105 A.D.2d 953, 954-55 (N.Y. App. Div. 1984); *see also Park Lane Res. L.L.C. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004) ("[D]ismissals for lack of jurisdiction preclude relitigation of the issues determined in ruling on the jurisdictional question." (internal quotation marks omitted)). Accordingly, if we were to reverse the Kansas District Court's dismissal of the contract claim against Khanal and remand it to the Kansas District Court for further proceedings, the Kansas District Court could not exercise diversity jurisdiction over the claim. Because it would be appropriate for the Kansas District Court to remand the claim to state court, we will remand the claim to the Kansas District Court with directions to modify its judgment to remand the contract claim against Khanal to the Kansas state court.

Sellers also argue that the claims should not be barred by res judicata because the complaint they filed in *Sheldon III* "has substantive differences from the prior Amended Complaint that was dismissed" by the Eastern District. Aplt. Opening Br. at 21 22. Sellers do not, however, explain what the substantive differences are

- 13 -

between the two complaints[9] nor how those differences would avoid the bar of res judicata. Res judicata "applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation." *In re Hunter*, 827 N.E.2d 269, 274 (N.Y. 2005). Our review of the complaint filed in this action does not reveal any new claims that Sellers could not have raised in *Sheldon II*.

In addition, Sellers argued in the Kansas District Court and now argue on appeal that res judicata should not apply because they were not given a full and fair opportunity to litigate their claims in the Eastern District. "The rationale underlying [the] principle [of res judicata] is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again." *Id*.; *see also Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 480-81 & n.22 (1982) (res judicata does not apply if the party against whom it is asserted did not have a full and fair opportunity to litigate its claims in the earlier proceeding; the "[r]edetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation" (internal quotation marks omitted)). "[T]he question as to whether a party had a full and fair opportunity to litigate a prior determination, involves a practical inquiry into the realities of litigation." *Gilberg v. Barbieri*, 423 N.E.2d 807, 809 (N.Y. 1981) (internal quotation marks omitted).

---

[9] In the Kansas District Court, Sellers argued that the two complaints were different because the current complaint "has more specificity as to what actually transpired in the case." Aplt. App. at 179.

Sellers contend that they were denied a full and fair opportunity to litigate their claims in the Eastern District because they were denied discovery before the court ruled on the motions to dismiss. But discovery is not necessary to resolve a motion to dismiss for failure to state a claim for relief; "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted," *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010) (internal quotation marks omitted). One purpose of requiring that a complaint state a plausible claim for relief is "to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (internal quotation marks omitted).

The Eastern District appropriately limited discovery to preserve judicial resources while the motions to dismiss were pending, and the Sellers have not shown that this limitation was unfair. If Sellers thought the Eastern District had abused its discretion by limiting discovery, the appropriate forum for them to challenge that limitation was in the Second Circuit. Sellers have not shown that they were denied the opportunity to litigate their claims fully and fairly in the Eastern District.

IV.  Other Requests for Relief

Sellers also argue on appeal that the evidence they obtained through discovery in *Sheldon I* following the remand from the New York state appellate court would

- 15 -

justify relief under Fed. R. Civ. P. 60(b).  Sellers request that *this* court grant them Rule 60(b) relief and "allow plaintiffs to have a trial on the merits against all parties and all claims."  Aplt. Opening Br. at 25; *see also id.* at 26 ("[P]laintiffs request that the Court of Appeals separately employ Rule 60 to vacate any portion of the ruling that is based upon Res Judicata.").  The simple answer to this request is that the Federal Rules of Civil Procedure apply to the district courts, not to the courts of appeals.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 406 (1990); Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States *district courts* . . . ." (emphasis added)).

Finally, Sellers contend, in a single sentence of their opening brief, that "[s]everal of the defendants are in default and therefore the Clerk's default should be reinstated against same."  Aplt. Opening Br. at 27.  This statement, which does not advance any reasoned argument as grounds for appeal, is insufficient to invoke appellate review.  *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011).

## V.  Conclusion

The judgment of the Kansas District Court is affirmed in part, reversed in part, and remanded with instructions to the Kansas District Court to modify its judgment to remand Sellers' contract claim against defendant Tara Khanal to the Kansas state court.

Entered for the Court


Harris L Hartz
Circuit Judge