# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 13, 2022

Lyle W. Cayce
Clerk

No. 21-30239
Summary Calendar

J Cory Cordova,

*Plaintiff—Appellant*,

*versus*

Louisiana State University Agricultural ; Mechanical
College Board of Supervisors; Karen Curry; Nicholas
Sells; Kristi Anderson; University Hospital ; Clinics,
Incorporated; Lafayette General Medical Center,
Incorporated; Lafayette General Health System,
Incorporated,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:19-CV-1027

Before Clement, Ho, and Oldham, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30239

It is ORDERED that our prior panel opinion, *Cordova v. La. State Univ. Agri. & Mech. College Bd. of Supervisors*, No. 21-30239, 2021 WL 5183510 (5th Cir. Nov. 8, 2021), is WITHDRAWN and the following opinion is SUBSTITUTED therefor.

*     *     *

Plaintiff appeals both the district court's March 24, 2021 final order dismissing all claims against the LSU Defendants and Lafayette General Defendants and its April 14, 2021 final order granting in part the LSU Defendants' motion for attorney's fees and costs.

Federal Rule of Appellate Procedure 4(a)(1)(A) provides that a notice of appeal must be filed in the district court within 30 days after entry of the judgment or order appealed from. Rule 4(a)(4)(A)(iii), however, provides that in the event a party timely files a motion for attorney's fees under Federal Rule of Civil Procedure 54, and if the district court extends the time to appeal under Federal Rule of Civil Procedure 58, the 30-day clock does not begin to tick until the district court's entry of the order disposing of the motion for attorney's fees.

"A timely filed notice of appeal is an absolute prerequisite to this court's jurisdiction." *Moody Nat. Bank of Galveston v. GE Life & Annuity Assur. Co.*, 383 F.3d 249, 250 (5th Cir. 2004) (citing *Browder v. Dir., Dep't of Corrs.*, 434 U.S. 257, 264 (1978)). "[P]ost judgment motions addressing attorney's fees can only extend the time for appeal if (1) the motion is filed before the delay for appeal expires and (2) the court orders that the motion be considered as a Rule 59 motion." *Id.*; *see also Kleinman v. City of Austin*, 749 F. App'x 294, 295 (5th Cir. 2019) (unpub.) (quoting *Moody* for the proposition that "[m]otions addressing costs and attorney's fees . . . are

2

considered collateral to the judgment, and *do not toll the time period for filing an appeal*.").

Though Plaintiff filed a motion for attorney's fees and costs, the order respecting which was not issued until April 14, 2021, there is no order from the district court extending the time for Plaintiff to appeal its March 24, 2021 order dismissing Plaintiff's claims on the merits.[1]  Plaintiff's deadline to appeal *that* order was April 23, 2021.  Because he did not file his notice of appeal with respect to the district court's March 24, 2021 merits order until April 27, 2021, his appeal was untimely.  As such, the court lacks jurisdiction to review Plaintiff's appeal of the district court's March 24, 2021 order dismissing his claims against the LSU Defendants and Lafayette General Defendants.

His appeal of the district court's April 14, 2021 order granting the LSU Defendants' motion to tax costs, though timely filed, fares no better.  Plaintiff dedicates his entire brief to arguing that the district court lacked subject matter jurisdiction in the first instance.  But he does not even attempt to press, let alone substantiate, his argument that the district court erred in taxing costs against him.  His failure to do so is fatal to his appeal.  *Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983) ("Claims not pressed on appeal are deemed abandoned.").

Plaintiff also argues that new evidence discovered on appeal reveals a conflict of interest that deprived him of due process in the proceedings in the district court and thus justifies relief under Rule 60(b).  He asserts that, because the conflict of interest was brought to light during the pendency of this appeal, he had no opportunity to request Rule 60(b) relief from the

---

[1] The district court denied the LSU Defendants' request for attorney's fees, but it granted their request for costs in the amount of $1,068.80.

district court. Thus, Plaintiff requests that this court grant relief under Rule 60(b) and vacate the underlying "judgment [of the district court] dismissing his case on the merits." This court's jurisdiction is limited to appeals from the "final decisions of the district courts of the United States" and certain interlocutory orders and decrees. 28 U.S.C. § 1291. Plaintiff does not dispute that he did not file this Rule 60(b) Motion with the district court. Rule 60(b) does not equip this court with jurisdiction. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 406 (1990) (holding that "Rule 11 does not apply to appellate proceedings," because "Federal Rule of Civil Procedure 1 . . . indicates that the Rules only 'govern the procedure in the United States district courts'"); *Sheldon v. Khanal*, 502 F. App'x 765, 773 (10th Cir. 2012) (rejecting request on appeal for Rule 60(b)(2) relief because "the Federal Rules of Civil Procedure apply to the district courts, not to the courts of appeals"). Plaintiff was required to either bring this Motion before the district court under Rule 62.1 or raise this issue in his briefing on appeal. He did neither.

We DISMISS Plaintiff's appeal of the judgment and AFFIRM the costs award. We DENY Plaintiff's Motion for Relief from Judgment Pursuant to Rule 60(b).