Home Heating Oil Corp. v Pickens (2024 NY Slip Op 51316(U))

[*1]

Home Heating Oil Corp. v Pickens

2024 NY Slip Op 51316(U)

Decided on September 24, 2024

Civil Court of the City of New York, Kings County

Waterman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 24, 2024
Civil Court of the City of New York, Kings County

Home Heating Oil Corp., Plaintiff(s)

against
Lee Pickens, Defendant(s).

Index No. CV-073009-10/KI

Counsel for Plaintiff Sully, Daniel Edward and Counsel for Defendant Stephen Bilkis & Assoc PLLC

Lola Waterman, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Numbered
Order to show Cause/ Notice of Motion and Affidavits /Affirmations annexed 1, 2
Cross Motion/ Opposition Affirmation 3, 4
Opposition to Cross Motion 5
Reply Affidavits/ Affirmations
Memoranda of Law
Other
Upon the foregoing cited papers, and after oral arguments on September 19, 2024, the Decision/ Order on the defendant's order to show cause and the plaintiff's cross-motion are denied to the extent below for the following reasons:
Plaintiff initially commenced this action for breach of contract in Civil Court against Defendant on or about August 2, 2010, and obtained a judgment on March 7, 2011, which was docketed on April 4, 2011, for $7,834.82. Defendant passed away on or about April 25, 2020, and an estate proceeding was subsequently commenced in Surrogate's Court which led to that court's appointment of estate representatives. On February 17, 2022, the Supreme Court granted Plaintiff leave to execute on the judgment lien against the subject real property now owned by the deceased Defendant's estate, pursuant to CPLR Section 5208, by order of the Hon. Karen B. Rothenberg, J.S.C.
On January 3, 2023, Plaintiff and the Estate of Defendant stipulated for payment of [*2]$14,500.00, due by January 2, 2024, to be extended if good cause was shown, and to be paid from the proceeds of the sale of the real property held by the estate. To date, Plaintiff's judgment remains unsatisfied as the subject property has not been sold for reasons not before the court today. After several alleged attempts to communicate with Defendant's counsel, Plaintiff's counsel initiated a Sheriff's sale on the subject real property with an auction date of September 4, 2024. Defendant, by order to show cause, now moves (1) for a preliminary injection to stay the sale and auction of the subject premises; (2) to vacate the Civil Court judgment of March 7, 2011; and (3) to stay execution of the February 17, 2022, judgment issued in Supreme Court.[FN1]
Plaintiff opposed and cross-moved for sanctions and attorney's fees and Defendant opposed. Defendant and Plaintiff appeared through counsel for oral arguments.
 DEFENDANT'S REQUEST FOR PRELIMINARY INJUNCTION AND STAY OF

 EXECUTION OF THE FEBRUARY 17, 2022 SUPREME COURT JUDGMENT
Defendant correctly states the law for preliminary injunctive relief requires proof of "(1) a likelihood of ultimate success on the merits; (2) irreparable injury if the provisional remedy is not granted; and (3) a balancing of the equities in the plaintiff's favor." City of New York v. Love Shack, 286 AD2d 240, 242 (1st Dept., 2001).
Likelihood of Ultimate Success on The Merits
First, it should be noted that Defendant's arguments, pursuant to CPLR § 5014, against Plaintiff's Supreme Court motion seeking a default renewal judgment is now moot as Plaintiff withdrew that motion upon learning of Defendant's passing.
Defendant next argues a strong possibility of success against Plaintiff's claims because Plaintiff failed to comply with CPLR § 5208 by not seeking leave of the Surrogate's Court to execute on the judgment against Defendant's estate. Defendant maintains that the original judgment lien has now expired by operation of law because it is now more than two years since Defendant's passing and more than ten years since the judgment was entered.
Irreparable Injury If Provisional Remedy Is Not Granted
Defendant argues that his estate will suffer irreparable injury absent a stay because the subject real property that is the basis of the lien sale was scheduled to be sold at a Sheriff's auction on September 4, 2024, a sale if permitted to go forward, would extinguish the property and ownership rights of the estate heirs at law. Defendant's estate would be irreparably harmed by the loss of substantial generational wealth and equity maintained in the subject real property valued at over a million dollars to satisfy a money judgment for less than $20,000. Defendant intimates that if the subject real property is sold for less than full valuation, the potential purchaser would sustain an egregious windfall and the estate heirs at law a significant loss.
Balancing The Equities in Plaintiff's Favor
Defendant argues that the prejudice to Defendant's estate outweighs any perceived prejudice to Plaintiff. Defendant argues the irreparable harm in losing the full valuation of the subject real property pales in comparison to any loss Plaintiff will endure because of the delay if the stay is granted. Defendant intimated during oral argument that the equity in the subject real property is so substantial that Plaintiff's judgment would be satisfied from the sale proceeds, [*3]along with the share of the heirs at law and other estate expenses.
As the value of the real property is over $1,000,000.00 and Plaintiff's judgment is less than $20,000.00, Defendant argues that the equities lie in favor of avoiding the execution of the judgment and sale of the subject real property for less than what would be an acceptable offer to the estate. Defendant, through his estate administrator, has sought buyers for the subject real property and argues in the interest of principles of equity and fairness that Defendant be permitted to wait until an acceptable bid on the subject real property is obtained so that the proceeds of the sale could satisfy the Plaintiff's claim and the other estate expenses.
ANALYSIS
CPLR § 5208 provides:
"Enforcement after death of judgment debtor; leave of court; extension of lien. Except where otherwise prescribed by law, after the death of a judgment debtor, an execution upon a money judgment shall not be levied upon any debt owed to him or any property in which he has an interest, nor shall any other enforcement procedure be undertaken with respect to such debt or property, except upon leave of the surrogate's court which granted letters testamentary or letters of administration upon the estate. If such letters have not been granted within eighteen months after the death, leave to issue such an execution or undertake such enforcement procedure may thereafter be granted, upon motion of the judgment creditor upon such notice as the court may require, by any court from which the execution could issue or in which the enforcement procedure could be commenced. A judgment lien existing against real property at the time of a judgment debtor's death shall expire two years thereafter or ten years after filing of the judgment-roll, whichever is later.
Civil Practice Law and Rules § 5208 (emphasis added).
Defendant's argument that it has a likelihood of success on the merits if a preliminary injunction is issued fails considering that CPLR § 5208 permits Plaintiff to, upon motion, seek leave "to issue such an execution or undertake such enforcement procedure" from "any court from which the execution could issue or in which the enforcement procedure could be commenced" if letters testamentary or letters of administration "have not been granted within eighteen months after the death" of a judgment debtor. Id. Indeed, Plaintiff argued it waited eighteen months after Defendant's death to seek leave of court to issue the execution; that during that time, no letters testamentary or letters of administration was issued by the Surrogate's Court; that Defendant's counsel was unresponsive to Plaintiff's counsel's demand for updates; and that Plaintiff ultimately sought leave of the Supreme Court, as it is permitted to do. The court agrees.
Notwithstanding the above, the court also agrees with Defendant that there will be irreparable harm from the sale of the subject property and loss of significant equity to satisfy the small judgment and as such outweighs any prejudice to Plaintiff. However, this court lacks jurisdiction to stay or vacate the Supreme Court's order granting a real property execution. While the court notes that the balancing of equities lies in favor of granting the request for a preliminary injunction, the Civil Court cannot stay the judgment lien from a Supreme Court Justice. In addition, the "Civil Court does not have authority to grant an injunction restraining sale of the property, or to grant the equitable relief sought by plaintiff, namely a declaratory judgment and specific performance." Faith in Action Deliverance Ministries v. 3231 Assoc., LLC, 168 AD3d 502, 502-503 (1st Dept., 2019). See also, Johnson v. Johnson, 220 AD3d 482, 483 (1st Dept., 2023). The Civil Court can only extend the existing stay in this order to show [*4]cause to allow Defendant's estate to seek appropriate relief in Supreme Court.
Consequently, Defendant's request for preliminary injunction is denied, however, the stay granted in the instant order to show cause is extended to October 11, 2024, at which time, the stay will be vacated and terminated. Concomitantly, Defendant's request to stay the execution of the February 17, 2022, Supreme Court judgment is denied for want of subject matter jurisdiction.

DEFENDANT'S REQUEST TO VACATE THE CIVIL COURT JUDGMENT
While stated but not addressed in its papers, Defendant's counsel argued in court to vacate the underlying March 7, 2011, Civil Court judgment. The court notes that Defendant failed to articulate the standard for vacatur in his papers.
The court has authority under CPLR 5015(a)(1) "to vacate a default where the moving party demonstrated both a reasonable excuse for the default and the existence of a potentially meritorious cause of action or defense." Khanal v. Sheldon, 74 AD3d 894, 894 (2nd Dept., 2010).
Defendant seeks to vacate the underlying Civil Court judgment, as well as stay execution of the Supreme Court lien, on grounds of lack of personal jurisdiction. Defendant alleges that the initial Civil Court judgment was obtained without proper service on Defendant. Defendant also alleges that Plaintiff failed to comply with CPLR § 5208 as described above but admits to not taking any action in Supreme Court to stay the execution of the subject judgment.
The court finds that Defendant has failed to establish its prima facie burden of proof to vacate the Civil Court judgment as there is insufficient factual basis or documentary evidence to demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense.
While it seems that the procedural deficiencies in allegedly not complying with the CPLR are meritorious defenses, they apply to the Supreme Court judgment, not the Civil Court judgment, and this court lacks jurisdiction to vacate the judgment of the Supreme Court. Defendant's counsel intimated during oral argument that there is a procedural challenge to personal jurisdiction due to lack of service of the initial summons and complaint, however, such argument was not articulated or substantiated in Defendant's papers to establish the "reasonable excuse" prong of the test.
Therefore, the request to vacate the March 7, 2011, Civil Court judgment is denied.

PLAINTIFF'S OPPOSITION AND CROSS MOTION
Plaintiff opposes the order to show cause as a frivolous attempt to circumvent a valid lien sale and execution of a valid monetary judgment from a higher court. Plaintiff cross-moved and accuses Defendant of abusing the system by not seeking the stay in Supreme Court and that this court lacks jurisdiction. Plaintiff seeks sanctions, as well as attorney's fees, against Defendant at $350.00 per hour at five hours' worth of work. Plaintiff fails to submit proof of invoices or hours worked, beyond statements in his affirmation, to justify an award of attorney's fees.
Moreover, Plaintiff fails to meet the standard for sanctions under NYCRR 130-1.1 (a) and (c) and has failed to show there has been "frivolous conduct" defined as under 130-1.1(a) and (c). Plaintiff has not established to the satisfaction of this court that Defendant's order to show cause is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law," "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another," or "asserts material factual statements that are false." Inasmuch as Defendant's order to show cause seeking preliminary injunction or stay of the execution of the sale was improperly brought in Civil Court, Defendant's counsel's mistaken belief does not equate "frivolous conduct."
Therefore, Plaintiff's cross motion is denied in its entirety.
Based on the foregoing, it is hereby
1. ORDERED, that Defendant's request for preliminary injunction, staying the sale of the subject real property is DENIED, however, the existing stay in the instant order to show cause is extended to October 11, 2024, at which time, the stay will be vacated and will no longer be in effect; and it is further,
2. ORDERED, that Defendant's request to vacate the underlying Civil Court judgment is DENIED; and it is further,
3. ORDERED, that Defendant's request to stay the execution of the February 17, 2022, Supreme Court judgment is DENIED; and it is further,
4. ORDERED, that Plaintiff's cross-motion for attorney's fees and sanctions is DENIED.
This constitutes the decision and order of the court.
Date: September 24, 2024
Hon. Lola Waterman, JCC

Footnotes

Footnote 1:Defendant's instant order to show cause sought the substitution of the deceased defendant for an estate representative. That portion of the OSC was crossed off by the signing judge and is not being considered here.