Matter of Curcio v Curcio (2020 NY Slip Op 02780)





Matter of Curcio v Curcio


2020 NY Slip Op 02780


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-04236
 (Docket No. O-522-18)

[*1]In the Matter of Scott M. Curcio, etc., respondent,
v
Rosanna Curcio, appellant.


Kelley M. Enderley, Poughkeepsie, NY, for appellant.
Donna E. Abrams, White Plains, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Rosanna Curcio appeals from an order of the Family Court, Putnam County (James T. Rooney, J.), dated March 8, 2019. The order declined to sign Rosanna Curcio's order to show cause, inter alia, in effect, to modify an order of protection of the same court dated August 28, 2018, which, after a hearing, directed her to stay away from the parties' children until and including August 28, 2020.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application pursuant to CPLR 5704(a) to vacate the order dated March 8, 2019; and it is further,
ORDERED that the application pursuant to CPLR 5704(a) is denied.
The parties are the parents of two children. By order dated August 28, 2018, the Family Court, after a hearing, found that Rosanna Curcio (hereinafter the mother) committed a family offense. The court issued a two-year full stay-away order of protection against the mother in favor of the children. Thereafter, the mother moved, by order to show cause dated March 6, 2019, inter alia, in effect, to modify the order of protection. By order dated March 8, 2019, the court, noting its familiarity with the proceedings, declined to sign the order to show cause. The mother noticed and perfected this appeal.
An order denying an application to sign an order to show cause is not appealable (see CPLR 5704[a]; Khanal v Sheldon, 74 AD3d 894). However, under the circumstances of this case, we deem it appropriate to treat the instant notice of appeal as an application for review pursuant to CPLR 5704(a).
Family Court Act § 844 provides that, "[f]or good cause shown, the family court may after hearing reconsider and modify" an order of protection issued in a family offense proceeding. Here, the mother failed to set forth in her affidavit accompanying the order to show cause allegations which, if proven, might constitute good cause to warrant modification of the order of protection (see Family Ct Act § 844; Matter of Mohammad v Mohammad, 299 AD2d 363). Accordingly, we agree with the Family Court's determination declining to sign the order to show cause (see CPLR 2214[d]).
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court